HUXLEY v. PENNSYLVANIA WAREHOUSING & SAFE DEPOSIT CO.

(Circuit Court of Appeals, Third Circuit.    January 19, 1911.)

No. 31.

INTERPLEADER (§ 11*)—RIGHT TO INTERPLEADER—ACTION AGAINST WARE-
HOUSEMAN.

Where, in an action in a Circuit Court of the United States in Penn-
sylvania against a warehousing company to recover damages for the
alleged conversion of certain automobiles, the defendant promptly pre-
sented a petition to the court disclaiming any interest in the machines,
alleging that it received and held them in storage, that they were claimed
by the receiver in bankruptcy of the original depositor, who threatened
suit if they were surrendered to plaintiff, and offering to bring them
into court, or to dispose of them as the court should order, the court
properly made an order of interpleader between plaintiff and the re-
ceiver in bankruptcy, directing defendant to hold the machines subject
to its order, and discharging it from further liability to either plaintiff
or the receiver, under Act Pa. March 11, 1836 (P. L. 76), which provides
specifically for such procedure; and it is no objection to such order that
the holding of the machines in storage would result in large deteriora-
tion in their value, in view of the fact that the parties could have peti-
tioned the court to sell them and substitute their proceeds for the ma-
chines.

[Ed. Note.—For other cases, see Interpleader, Dec. Dig. § 11.*]

In Error to the Circuit Court for the Eastern Division of Penn-
sylvania.

Action at law by Norman S. Huxley against the Pennsylvania
Warehousing & Safe Deposit Company. From an order of inter-
pleader, plaintiff brings error.    Affirmed.

Joshua R. Morgan, Rudolph M. Schick, and Edwin O. Michener,
for plaintiff in error.

Joseph H. Taulane and White, White, & Taulane, for defendant in
error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge.    In the court below Norman S.
Huxley, a citizen of Delaware, brought an action on May 26, 1908,
against the Pennsylvania Warehousing & Safe Deposit Company, a
corporation of Pennsylvania, to recover $6,600, being the value of
six automobiles.    These automobiles he claimed, in his statement
filed June 8th, to own by virtue of six separate storage certificates
therefor, issued by the Warehousing Company, and which had been
transferred to, and were now owned by, him.    He further alleged that
on May 22, 1908, he had tendered storage charges thereon, and de-
manded, and been refused delivery of, the automobiles by the Ware-
housing Company.    He then averred a conversion by the defendant
on May 22d.    On June 22, 1908, the defendant, having meanwhile
been served, but before it pleaded, presented a petition to the court be-
low setting forth that it disclaimed any and all title to the automobiles;
that it was engaged in the public warehousing business;    that it had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

received these machines on storage from the Dragon Automobile Company, and had issued to it the certificates in question; that that company had been adjudged bankrupt in the District Court, and its receiver, James A. Hayes, Jr., claimed the automobiles were its property, that the warehouse receipts had been unlawfully transferred to the plaintiff, that he demanded delivery of the same to him, and that, if the Warehousing Company surrendered them to Huxley, the receiver would sue it for damages; that, while petitioner was endeavoring to adjust the conflicting rights of these claimants, Huxley brought suit. The petition concluded:

"That your petitioner has no interest in the said six automobiles, and is thus liable to be put to the expense of defending two actions, and is subject to the risk of being compelled to pay twice damages in the amount of the value of the said machines. Whereupon your petitioner needs relief. Your petitioner offers to bring the said six automobiles into court, or dispose of them as the court shall order, and humbly prays: (a) That this honorable court will order the plaintiff and the Dragon Automobile Company and James A. Hayes, Jr., receiver in bankruptcy thereof, to interplead."

Subsequently the court, after notice, ordered an interpleader and directed a feigned issue be framed between Hayes, receiver, as plaintiff, and Huxley, as defendant—

"to determine the right of property of the said six automobiles on the 22d day of May, 1908; and it is further ordered that the Pennsylvania Warehousing & Safe Deposit Company have leave to bring the said six automobiles into court, by holding the same subject to the further orders of the court, and that no further proceedings be had against the said Pennsylvania Warehousing & Safe Deposit Company, and the said Pennsylvania Warehousing & Safe Deposit Company is discharged of all liability to the said Norman S. Huxley, the Dragon Automobile Company, and James A. Hayes, Jr., receiver of the Dragon Automobile Company, touching the said six automobiles so claimed in this case, and they and each of them and their attorneys are enjoined and restrained from proceeding in any manner against the said Pennsylvania Warehousing & Safe Deposit Company for or on account of the said six automobiles so claimed in this case. And the court reserves the question as to all further orders."

Thereupon Huxley sued out this writ, and assigned for error the entry of such decree.

We are of opinion the court below made no error by entering that order. The facts alleged showed a case which the Pennsylvania interpleader act of March 11, 1836 (P. L. 76), was meant to cover. The object of that act was to relieve stakeholders, who disclaimed all interest in property to which there were contesting claimants. It, inter alia, provided:

"The defendant in any action which shall be brought in the said court for the recovery of money, or of any goods, chattels or the value thereof in damages, which shall have come lawfully to his hands or possession, may, at any time after the declaration filed, and before plea pleaded by a suggestion to be filed of record, disclaim all interest in the subject matter of such action and offer to bring the same into court, or to pay or dispose thereof as the court shall order, and if he shall also allege, under oath or affirmation, that the right thereto is claimed by, or supposed to belong to some person not party to the action (naming her or them), who has sued or is expected to sue for the same, or shall show some probable matter to the court to believe that such suggestion is true, the said party (court) may, thereupon, order the plaintiff to interplead with such third person, and make such rules

and orders in the cause, and issue such process for the purpose of making such third person party to the action, and for carrying such proceeding to interplead into full and complete effect, and may render such judgment or judgments thereon, as shall be agreeable to the rules and practices of the law in such cases."

The facts alleged brought this case literally within the terms and wholly within the spirit of that statute. The Warehousing Company, being sued and threatened with another suit, at once applied to the court for relief, disclaimed interest in the machines, and offered to dispose of or hold them as the court directed. Having complied with the statutory requirements, it was entitled to the statutory relief the court decreed.

It is contended, however, by the plaintiff in error, that if his claim is eventually sustained in the interpleader a wrong will be done him, in that these automobiles were worth $6,600 when the alleged conversion took place, while now they are out of style and their value depreciated or gone, and that the court should not have discharged the Warehousing Company from further liability. We cannot agree with this contention. Not only is there no ground in fairness or equity for holding a custodian of goods responsible, after a disclaimer and offer of surrender, for the damages arising from subsequent litigation, but the very purpose of the act was to save a stakeholder from further litigation and further responsibility. Moreover, if such depreciation has happened, the Warehousing Company is in no way to blame for it, and it is no more entitled to lose by depreciation than it would have been to profit by appreciation in the value of the machines. Had its clear legal rights of disclaimer and surrender been at once acceded to, or even if they were contested, the two claimants of the machines, or either of them, could have asked the court, in view of the manifest depreciation that would occur by holding the machines, to make an order for their immediate sale. Had this been done, the automobiles could have been sold at once, and the parties relegated to that fund.

After careful consideration, we think the court below committed no error, and its decree should be affirmed.