### CATHAY TRUST, Limited, v. BROOKS.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

#### No. 1,971.

**1. APPEAL AND ERROR (4\*)—PROPER MODE OF REVIEW—SET-OFF OF JUDGMENTS—INTERVENTION.**

A proceeding relating to the set-off of judgments, which proceeding was initiated by motion made in an action at law in the same court in which both judgments were entered, is of an equitable nature, and the proper way to bring up an order denying a petition to intervene is by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. § 4.\*]

**2. APPEAL AND ERROR (70\*)—DECISIONS REVIEWABLE—SET-OFF OF JUDGMENTS—INTERVENTION.**

An order denying a petition to intervene in a proceeding relating to set-off of judgments is a final order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 367–385; Dec. Dig. § 70.\*

Finality of judgments and decree for purpose of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

**3. JUDGMENTS (883\*)—SET-OFF—INTERVENTION.**

B. assigned to appellant his rights against appellee for moneys due under certain contracts. Afterward B. recovered judgment against appellee on the same contracts. Meanwhile a judgment had been recovered against B. and assigned to appellee. *Held*, that appellant should have been allowed to intervene in a proceeding brought by appellee to set off the judgments.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.\*]

Appeal from the United States Court for China.

Proceeding by F. M. Brooks relating to set-off of judgments. From an order denying the motion of the Cathay Trust, Limited, to intervene, it appeals. Reversed.

Jernigan & Fessenden, Chickering & Gregory, W. H. Chickering, Geo. H. Whipple, and W. Dorn, for appellant.

Bert Schlesinger, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROSS, Circuit Judge. This is an appeal from an order of the United States Court for China denying the petition of the appellant to intervene in a proceeding relating to the set-off of judgments, which proceeding was initiated by motion made in an action at law in the same court in which both judgments were entered. Objection is made to the entertaining of the appeal by this court on the ground that the order complained of should have been brought up by writ of error.

[1] The objection is not well taken, for it is well settled that the proceeding in question is of an equitable nature. "The satisfaction of a judgment," says Freeman on Judgments (volume 2, § 467a), "may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor, or, in other words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon, or set off against a judgment against him. The court in a proper case will grant the motion. Its power to do this cannot be traced to any particular statute and exists only in virtue of its general equitable authority over its officers and suitors. This authority was formerly restricted to courts of equity, but is now very generally exercised by courts of law. The judgments sought to be set off against each other may have been rendered in the same or in different courts. In the first case there can be no difficulty; but in the latter it has sometimes been held that a court of law was inadequate to afford relief, and that resort to chancery was therefore unavoidable. This position is believed to be untenable. The court of law in which the judgment is entered can give relief by virtue of its equitable power and may direct that the judgment of another court be credited upon or set off against its judgment, except when the rights of the parties are too intricate and complicated to be adjusted elsewhere than in equity." See, also, Black on Judgments, vol. 2, § 1000.

[2] The order appealed from is a final order, for, if correct, it finally and absolutely disposes of the appellant's alleged rights in the premises. The facts briefly stated, are these:

The appellant is a British corporation carrying on business at Shanghai, China. On the 29th of June, 1910, one C. R. Bennett made an assignment in writing to the appellant of all his right, title, and interest in and to all sums of money due and payable to him by one F. M. Brooks in respect of all contracts for the June settlement on the Shanghai Stock Exchange. Without any notice to Brooks of such assignment, so far as appears, an action was thereafter brought in the court below in the name of Bennett against Brooks upon those contracts, in which action the defendant Brooks filed, on the 8th day of November, 1910, a confession of judgment "pursuant to an agreement between the said Bennett and Brooks whereby certain scrip or shares were deposited in court by said Bennett to be delivered to the said Brooks upon full satisfaction of the aforesaid judgment which said scrip or shares now constitute a fund in court." A judgment by default having been recovered against Bennett in the same court on

the 3d day of November, 1910, for 8,993.38 taels by Lao Lai Ting and Chung Ting Yee, with costs of suit, this purported assignment of that judgment appears in the record:

"Know all men by these presents: That whereas, the said Lao Lai Ting and Chun Ting Yee did this third day of November, 1910, recover judgment in the above-entitled court against C. R. Bennett for the sum of Ts. 8,993.38 and costs of suit as by the record thereof will more fully appear: Now we, the said Lao Lai Ting and Chun Ting Yee, in consideration of the sum of $1.00 and other valuable considerations to us paid, hereby sell, assign, and transfer to F. M. Brooks the judgment above mentioned for his use and benefit, hereby authorizing him to collect and enforce payment thereof in our name or otherwise, but at his own costs and charges, and we hereby covenant that the sum of Ts. 8,993.38 is due thereon.                                         Lao Lai Tin,

"By His Representative, Chen Tsung Tung.
"Chung Ting Yee.
"By His Representative, S. C. Liu.
"Witness to the signature of Chen Tsung Tung:
"K. T. Chang.
"Witness to the signature of S. C. Liu:
"M. S. Chen.
"Shanghai, November 4th, 1910."

Based upon the above purported assignment, Brooks, on the 9th day of November, 1910, made a motion in the court below to set off the judgment so recovered against Bennett against the judgment recovered by Bennett against him; and it was for the purpose of contesting that motion that the appellant by petition sought to intervene and be heard, basing its petition upon its alleged ownership of all sums due and owing by Brooks to Bennett growing out of the contracts referred to, by virtue of the assignment made to it by Bennett on the 29th of June, 1910.

[3] Upon the showing made the appellant appeared to be the equitable owner of the judgment recovered in Bennett's name against Brooks, for if the allegation made in the petition for intervention be true, to the effect that Bennett had on the 29th of June, 1910, transferred to the appellant all of his title and interest in the choses in action out of which that judgment arose, and that the appellant continued the absolute owner thereof, then manifestly the latter was vitally interested in the question as to whether the judgment recovered against Bennett and subsequently purporting to have been assigned to Brooks should be set off against it. Such a course would obviously be in the interest of Bennett, but altogether against that of the appellant, if all of the interest of Bennett in the choses in action upon which the judgment in his favor was based had in fact been previously assigned to the appellant.

The appellant, having thus a vital interest in the subject-matter affected by the motion to set off one of the judgments against the other, was clearly entitled to be heard in respect to the question involved in it.

The judgment is reversed, and the cause remanded to the court below, with directions to allow the intervention petitioned for.