**BANK OF TAIWAN, Limited, v. GORGAS-PIERIE MFG. CO. et al.**

(Circuit Court of Appeals, Third Circuit. June 7, 1921.)

No. 2710.

1. **Appeal and error ⊜⇒70(1)—Order of interpleader held final.**

An order of interpleader, which aligns the parties, prescribes the method of procedure, and finally denies to one of the parties the right to assert a contract obligation against another, is a final order within the statute, from which an appeal can be taken.

2. **Interpleader ⊜⇒9—Order requiring holder of draft and customer of drawee to interplead held erroneous.**

Where a bank had issued a letter of credit in behalf of a customer, against which a draft had been drawn and negotiated with a foreign bank by a seller of goods to the customer, and the customer was seeking to have payment of the draft enjoined on the ground that the goods were not shipped within the time required, it was error to order the drawee bank's customer and the foreign bank to interplead as to the right to payment of the draft, since the foreign bank's contractual relations were with the drawee bank and presented a question of law, while the customer had no contractual relations with the foreign bank and was asserting a right in equity, and the foreign bank may have had rights under its contract against the drawee bank, of which it would be deprived, if forced to uphold the contract between the customer and his seller, to which it was neither a party nor a privy.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Banks and banking ⚒191—Holder of draft issued on letter of credit cannot be limited to rights of seller against buyer of goods.**

    A foreign bank, which was the holder of a draft against a letter of credit issued by a domestic bank to its customer for goods sold to the customer, cannot be limited in its right to recover on the draft to the rights of the seller to recover against the buyer for the goods sold.

    Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

    Suit by the Gorgas-Pierie Manufacturing Company against the Union National Bank of Philadelphia and the Bank of Taiwan, Limited, to restrain the payment of a draft to the Bank of Taiwan, in which the Union National Bank filed an answer in the nature of a cross-bill, praying for an order that plaintiff and the defendant Bank of Taiwan interplead. From an order directing the plaintiff and the Bank of Taiwan to interplead, the Bank of Taiwan appeals. Reversed.

    John Franklin Shields and Frederic L. Clark, both of Philadelphia, Pa. (Franklin H. Mills, of New York City, of counsel), for appellant.

    David N. Fell, Jr., and Henry Spalding, both of Philadelphia, Pa., for appellee Gorgas-Pierie Mfg. Co.

    John Arthur Brown, of Philadelphia, Pa., for appellee Union Nat. Bank.

    Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

    WOOLLEY, Circuit Judge.   [1] This appeal is from an order of interpleader. The plaintiff-appellee moves to dismiss the appeal on the ground that the order is not final. The order aligns the parties, prescribes the method of procedure, and—as it will presently be seen—finally denies to one of the parties the right to assert a contract obligation against another. We regard the order as final within the meaning of the statute, and, accordingly, deny the motion to dismiss the appeal. Killian v. Ebbinghaus, 110 U. S. 568, 4 Sup. Ct. 232, 28 L. Ed. 246; Standley v. Roberts, 59 Fed. 836, 8 C. C. A. 305; Hayward & Clark v. McDonald, 192 Fed. 890, 113 C. C. A. 368; McNamara v. Provident Sav. Soc., 114 Fed. 910, 52 C. C. A. 530; Huxley v. Pennsylvania Warehousing & Safe Deposit Co., 184 Fed. (C. C. A. 3d) 705, 106 C. C. A. 659.

    The case has not advanced beyond pleadings. The main facts as pleaded are briefly these:

    The Gorgas-Pierie Manufacturing Company bought of Nanyo Boyeki Kaisha, a Limited Company of Japan, a specified quantity of copra at a named price "for shipment from the Orient by steamer during September or October, 1920," payment by draft on a bank issuing a "confirmed irrevocable letter of credit" in favor of the seller. Thereupon the Gorgas-Pierie Company procured from the Union National Bank of Philadelphia, and forwarded with the order, a letter of credit, dated August 15, 1920, addressed to the Nanyo Company in Japan. Its relevant parts are the following:

"You are hereby authorized to value at sight on ourselves for account of Messrs. Gorgas-Pierie Mfg. Co., Philadelphia, Penna., for any sum or sums not exceeding in all forty-seven thousand two hundred and fifty dollars ($47,250.00). * * * Drafts to be accompanied by Invoice, Consular Invoice, and full set of Bills of Lading to be dated during September or October, 1920, in an Oriental port, for shipment to Philadelphia. * * *

"This Credit becomes void if not used on or before December 31, 1920."

On authority of this letter of credit the Nanyo Company drew a draft for $42,643.13 in favor of the Bank of Taiwan, Limited, which, with the letter of credit and specified documents attached, that bank purchased for a valuable consideration without knowledge of defects in the documents and presented the same to the Union National Bank for payment. The Union National Bank refused payment at the direction of the Gorgas-Pierie Company on the assertion by the latter that shipment had not been made during September or October, 1920, as required by its contract with the Nanyo Company; that the bills of lading were falsely dated October 30, 1920; that as a matter of fact the vessel purporting to have issued them was not in port on that date; and that the goods were not shipped until November 4, 1920.

After the draft had been presented and payment refused the Gorgas-Pierie Manufacturing Company filed a bill in equity in the District Court against the Union National Bank of Philadelphia, the Bank of Taiwan, Limited, and Nanyo Boyeki Kaisha, Limited, charging the facts recited and praying for an injunction, preliminary and perpetual, restraining the Bank of Taiwan from demanding and the Union National Bank from paying the amount of the draft in question.

The Union National Bank was brought in by service; the Bank of Taiwan appeared gratis. The Nanyo Company was not served with process; neither did it appear.

The Union National Bank filed an answer in the nature of a crossbill praying for an order that the Gorgas-Pierie Company and the Bank of Taiwan interplead. The Gorgas-Pierie Company, by its answer assented. The Bank of Taiwan, answering both the cross-bill and original bill, carefully preserved its legal status as the bona fide holder of a draft drawn on authority of a letter of credit issued by a bank and raised questions of law as to the sufficiency of the bills. There followed several arguments and opinions culminating in an order that the Gorgas-Pierie Company and the Bank of Taiwan interplead.

The theory on which the court directed the Bank of Taiwan to interplead with the Gorgas-Pierie Company instead of with the Union National Bank appears in the following excerpt from the opinion:

"Accepting the principle, which we do accept, that in cases of drafts drawn in accordance with a letter of credit, the obligation of the issuer of the letter of credit is measured by its terms and not by that of another contract, in pursuance of which the letter of credit issued, nevertheless, the two contracts are so far coupled, with the knowledge of everyone concerned in such transactions, as that under circumstances such as exist in this case, the issuer of the letter of credit possesses the rights of a stakeholder."

From the order of interpleader based on the reason given the Bank of Taiwan brought this appeal, charging errors to the trial court for not disposing of questions of law on the pleadings as well as for en-

tering the order. That bank now asks this court to correct the errors of the trial court by disposing of the controversy on the merits. This, of course, is not possible in the state of the case. We shall therefore limit our discussion and decision to the assignment of error which has to do with the validity of the order of interpleader.

As there are three parties to this suit we have first to determine whether this is a three-sided contest; or,—as the order of interpleader would seem to denote,—whether it is a two-sided contest; and, if so, then to ascertain between which two of the three parties the issue lies.

[2] In a word the case is this: The Gorgas-Pierie Company, the plaintiff, seeks to enjoin the Union National Bank, one defendant, from honoring a draft issued on its letter of credit and held by the Bank of Taiwan, another defendant, because of a breach of a contract between the Gorgas-Pierie Company, the plaintiff, and the Nanyo Company, a concern not appearing in the action. The right of the plaintiff to injunctive relief against the two banks, restraining one from presenting and the other from paying the draft, depends, primarily at least, upon the contractual relations between the two banks. The right which the plaintiff asserts is in equity; the issue between the two banks is in law. The plaintiff's right in equity to stop payment depends upon the obligation of the Union National Bank to honor the draft drawn on faith of its letter of credit. This issue of law must, we surmise, be decided before the plaintiff's right to equitable relief, if any, can be determined. Frey & Son, Inc., v. Sherburne Co. and The National City Bank of New York, 193 App. Div. 849, 184 N. Y. Supp. 661. This issue should be contested by the parties out of whose relation it arose, namely, the one issuing the letter of credit authorizing the draft and the one holding the draft drawn on that authority. Should the Union National Bank prevail, the Gorgas-Pierie Company might be entitled to injunctive relief. Should it not prevail, manifestly, the Gorgas-Pierie Company would not be so entitled. In other words, as it appears to us, until the issue between the two banks is tried and determined, the equitable right of the Gorgas-Pierie Company to injunctive relief, if any, cannot be exercised. Conversely, it is difficult to find an issue between the Bank of Taiwan and the Gorgas-Pierie Company, in view of the fact that as between them there never was any relation, contractual or otherwise. Therefore, we are of opinion that the order directing the Bank of Taiwan to interplead with the Gorgas-Pierie Company was error.

[3] There having been a contractual relation between the two banks out of which a tryable issue has arisen, an order of interpleader,—if found essential or convenient to the trial of this case,—can, we believe, be validly addressed to them, thereby preserving to the Bank of Taiwan in its contest with the Union National Bank every legal advantage which belongs to it by reason of its claimed position as bona fide holder of the draft. We do not regard it to be a matter of legal indifference whether the Bank of Taiwan shall interplead with the party whose obligation it holds or with the party with which it has never had dealings. American Steel Co. v. Irving National Bank (C. C. A.)

266 Fed. 41, 43. We can conceive certain advantages of procedure and of evidence available to it in enforcing payment of the draft against the bank on whose authority it was drawn, of which it would be deprived if it were forced to litigate the contract between the Gorgas-Pierie Company and the Nanyo Company to which it was neither a party nor a privy. American Steel Co. v. Irving National Bank, supra; In Matter of Agra and Masterman's Bank, L. R. 1867 Ch. App. 391; Frey & Son, Inc., v. Sherburne Co., supra.

On the other hand, if the two banks were ordered to interplead, the Bank of Taiwan would plead as though in a suit brought by itself against the Union National Bank on the obligation of the latter alone, and the Union National Bank, being more than a stakeholder, would make such defense on its obligation as it had of its own and such as could be validly supplied it by the Gorgas-Pierie Company, its customer. As to the admissibility of such defense, we, of course, express no opinion.

We are constrained to think that in his earnest desire to level this controversy the learned trial judge required the wrong parties to interplead. We therefore direct that the order of interpleader be reversed.