**SHULTZ et al. v. MANUFACTURERS &
TRADERS TRUST CO. et al.**

**No. 333.**

Circuit Court of Appeals, Second Circuit.

May 1, 1939.

Jules C. Randal, of Buffalo, N. Y. (David C. Adams, of Buffalo, N. Y., of counsel), for appellants.

Babcock, Hollister, Brown & Newbury, of Buffalo, N. Y., for certain appellees.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for certain appellees.

Larkin, Rathbone & Perry, of New York City, for certain appellees.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for an appellee.

Harold R. Medina, of New York City, of counsel, for appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiffs filed their bill in equity on September 14, 1938, naming thirty-five defendants. It charges fraud on the part of certain defendants by reason of which the plaintiffs' decedent parted with corporate stock, and it seeks an accounting of profits resulting from the defendants' dealings in such stock. The complaint is unnecessarily detailed and verbose, running to 50 printed pages. Before issue was joined various defendants moved (1) to strike the entire complaint for non-conformity with rule 8(e) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; or, in the alternative, under rule 12(f) to strike specific portions of the complaint for redundancy, etc.; and (3) to drop certain defendants for misjoinder of parties, rule 21. Judge Knight wrote a carefully considered opinion denying the first branch of the motion, granting the second, with leave to amend the complaint, and directing dismissal as to certain defendants, who had neither been served nor appeared, on the ground that the complaint stated no cause of action against them. Thereupon the plaintiffs procured entry of a decree of dismissal as to such defendants, and appealed therefrom.

The evident purpose of the appeal is to obtain an opinion upon matters which are not before us. Most of the appellants' brief deals with the paragraphs of the complaint which Judge Knight said should be expunged or redrawn. With these questions we cannot deal. No order has been entered to carry out this part of the opinion; and if it had, it would be interlocutory and non-appealable. United States v. Continental Casualty Co., 2 Cir., 69 F.2d 107; Cory Bros. & Co. v. United States, 2 Cir., 47 F.2d 607; Western Electric Co., Inc. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14.

The appellants also argue that a good cause of action was stated against the dismissed defendants. This presents a question upon which it would be futile for us to express an opinion. Neither by service nor appearance were the dismissed defendants brought into the district court; nor are they parties to this appeal. Anything which we might say would be as ineffective as is the decree below to adjudicate the rights of the plaintiffs against the dismissed defendants. Should the

plaintiffs bring another suit against them upon identical allegations, the decree appealed from would bind neither party, since the district court lacked jurisdiction over the dismissed defendants. Only as between the plaintiffs and the remaining defendants is the decree an effective adjudication, and in this aspect it is an interlocutory order. Dismissal as to certain defendants where the suit remains pending against others is not appealable; the case cannot be brought here in fragments. Bush v. Leach, 2 Cir., 22 F.2d 296; Hewitt v. Charles R. McCormick Lumber Co., 2 Cir., 22 F.2d 925; Fields v. Mutual Ben. Life Ins. Co., 4 Cir., 93 F.2d 559.

Appeal dismissed.