**GIBBONS v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.**

No. 163, Docket 21214.

United States Court of Appeals
Second Circuit.

March 10, 1949.

Aaron Benenson, of New York City (James L. Goldwater, Richard M. Goldwater and Frederick E. Weinberg, all of New York City, of counsel), for plaintiffs-appellants.

Leo D. Fitzgerald, of New York City (Thomas J. Craig, Jr., of New York City, of counsel), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question to be determined on this appeal is whether the eight employees of the defendants named above were specifically

named as parties plaintiff to this action within the meaning of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., even though their names were not set forth in the title to the action.

In October, 1944, an action was brought to recover unpaid overtime compensation alleged to be due under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The complaint was by "Charles Gibbons, suing in his own behalf and as agent and representative in behalf of all present and former employees of defendants similarly situated." The complaint alleged that Gibbons had been authorized by "Peter Hutnik, Michael Egan, Charles Busuttil, Salvatore Strano, John King, Anthony Oliva, Jack Oliva and John Strano, employees of defendants similarly situated to institute this action in their behalf." Thereupon, the defendants moved for an order striking from the complaint "all the representative allegations and descriptive portions relating to the fact that this is a representative action contained in the title of the action * * * and directing service of an amended complaint containing in the title of the action the names of the real parties in interest." The affidavit supporting the motion stated that "the real parties in interest herein are the plaintiff Charles Gibbons and the eight other persons named in the complaint." After receipt of the motion papers, a stipulation between the parties was executed amending the complaint so as to provide that Gibbons sued as agent of "certain" employees of defendants similarly situated rather than, as formerly, as agent of "all" such employees. Paragraph VIII of the complaint was by this stipulation and a later one amended to set forth the activities performed by each of the nine employees, including Gibbons himself. On May 14, 1947, the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., went into effect and on May 20, 1947, a further stipulation was entered into which permitted the defendants to add certain affirmative defenses under that Act. In these added defenses, the defendants alluded to the nine employees as "plaintiffs" some ten times. In correspondence, defendants' attorneys also referred to the nine employees as "plaintiffs."

■ On September 23, 1947, the defendants moved for summary judgment dismissing the action as to the employees other than Gibbons on the ground that written consents to become parties plaintiff had not been filed by them and that they had not been specifically named as parties plaintiff on or before September 11, 1947, and that therefore the action was barred as to them by Sections 6(b) and 8 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 255(b), 257. The court below granted summary judgment in accordance with the defendants' motion. We hold that defendants' motion should have been denied because the eight employees in our opinion were specifically named as parties plaintiff within the meaning of Section 8 and therefore were not required to file written consents.

■ It is evident from the language of Section 8, which is set forth in the margin,[1] that it does not cover collective or representative actions commenced prior to May 14, 1947, where the individual claimants were named as parties plaintiff, but only relates to those not specifically named prior to the expiration of 120 days after May 14, 1947 [i e., September 11, 1947]. The question before us, therefore, is whether the eight employees were so specifically named. If they were, and the action was not barred as to them at the time they became parties, then it is unnecessary for them to file written consents and they may properly have their claims adjudicated. This view is further supported by Section 5 of the Portal-to-Portal Act, amending Section 16(b)

---

[1] "Pending collective and representative actions. The statute of limitations prescribed in section 255 (b) of this title shall also be applicable (in the case of a collective or representative action commenced prior to May 14, 1947 under the Fair Labor Standards Act of 1938, as amended) to an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after May 14, 1947. In the application of such statute of limitations such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought."

of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), which provides that written consents shall be required of parties, but only "with respect to actions commenced * * * on or after the date of the enactment of this Act." Section 5(b). See also the opinions of Judge Kennedy in Bartels v. Piel Brothers, D.C.E.D.N.Y., 74 F.Supp. 41, 42-43; and of Judge Medina in Bartels v. Sperti, Inc., D.C.S.D.N.Y., 73 F.Supp. 751, 754-755.

The defendants have attacked the complaint on the technical ground that the eight employees were not named as plaintiffs therein, and particularly because they were not named in the caption. It seems evident to us both from the stipulations and correspondence and from the allegations of the complaint, as amended, that the named employees were understood by all sides to be plaintiffs and that this understanding was reflected not only in the complaint but in the affirmative defenses of the answer.

■ The terms of the Portal-to-Portal Act indicate that one of its aims was to prevent the assertion of surprise claims by unnamed employees at a time when the statute of limitations would otherwise have run. In the case at bar, and long before the passage of that Act, the claims of the eight employees were set forth in full and they were specifically named in the complaint which alleged that they had authorized the suit.

As we have already intimated, the contention that the eight employees were not specifically named parties plaintiff is purely technical. The action was brought on their behalf by Gibbons, a co-employee, in order to assert their claims which were adequately set forth in the amended complaint. Even if in a literal sense it would be possible to regard these men as not "specifically named as parties plaintiff," yet the complaint specifically names them, states their claims, and says that the action is brought on their behalf. To hold that they were not named as plaintiffs would involve refinements of reasoning and disregard of the real facts that would not be in accord with any sensible or even rational interpretation of the complaint or the answer, or the acts of the parties taken as a whole. Our conclusion is supported by the decision of the Eighth Circuit in Central Missouri Tel. Co. v. Conwell, 170 F.2d 641.

■ The order dismissing the action in respect to the eight employees is clearly appealable. Their claims, though joined in a spurious class action, are in legal theory separate and an appeal from the dismissal of any one of them could be taken without reference to the disposition of the others. California Apparel Creators v. Wieder, 2 Cir., 162 F.2d 893, 902, 174 A.L.R. 481.

The order of dismissal is accordingly reversed.