**REPUBLIC OF CHINA et al. v. AMERICAN EXPRESS CO., Inc., et al.**

Docket 22064.

United States Court of Appeals Second Circuit.

Argued April 30, 1951.

Decided June 12, 1951.

Burke & Burke, New York City, for plaintiffs.

Carter, Ledyard & Milburn, New York City, for defendant.

The facts are reported in the opinion of the district judge, 95 F.Supp. 740. His order reads in part as follows: "(4) That defendant pay into the registry of the court the sum of $524,990.16, there to await the final determination of this action. (5) That upon paying said sum of $524,-990.16 into the registry of the court defendant be and is discharged from any and all liability either in this action or

---

1. According to the record of the district court, the Express Company, since the entry of the order, has deposited the money in the registry of the district court. That fact is not a part of the record before this court. We could direct that it be made part of the appellate record. But that seems an idle

otherwise with respect to the credit balance of $524,990.16 heretofore held by it in the name of The Directorate General of The Postal Remittances and Savings Bank. * * * (8) That this Court retain jurisdiction of this cause for the determination of the rights of the plaintiffs and the interpleaded defendants in and to said sum of $524,990.16."

Before LEARNED HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Plaintiffs brought suit against but one defendant, the Express Company. The order, from which plaintiffs appeal, discharged that sole defendant "from any and all liability" to the plaintiffs. Thus there ended the plaintiffs' action against the only person they had sued. As the district judge said in his opinion, the effect of the order is that, "for all practical purposes," the Express Company has become "merely an indifferent bystander." [1] [95 F.Supp. 744.] Such an order clearly seems, on its face, final and appealable. But the Express Company argues that it is not so, on this account: The order was entered on the Express Company's counterclaim which brought in new defendants, claiming to be entitled to the money owing by the Express Company, and the suit will now go forward between plaintiffs and those new defendants.

■ Aside from Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A., which we shall discuss later, support for that argument must be found in the doctrine of Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443. But we think the Hohorst doctrine inapposite here. It applies where the dismissal is of a party or parties jointly charged, or jointly claiming, with other parties who are not dismissed;[2] but there is no doctrine that

---

ceremony, as the fact is incontrovertible. Cf. Dunham v. Townshend, 118 N. Y. 281, 23 N.E. 367; De Luca v. Atlantic Refining Co., 2 Cir., 176 F.2d 421, 423.

2. In the Hohorst case itself, the court specifically emphasized the fact of al-

finality is lacking in an order simply and solely because it dismisses less than all the parties. Where "jointness," in some form,[3] is absent, the test in multiple party cases is whether the order terminates the suit "as a severable matter," or a "distinct matter," with respect to the party dismissed. See, e. g., Gibbons v. Equitable Life Assur. Soc., 2 Cir., 173 F.2d 337, 339; Zarati S. S. Co. v. Park Bridge Corp., 2 Cir., 154 F.2d 377, 379; Withenbury v. U. S., 5 Wall. 819, 18 L.Ed. 613; Savannah v. Jesup, 106 U.S. 563, 565, 1 S.Ct. 512, 27 L.Ed. 276; Williams v. Morgan, 111 U.S. 684, 689, 4 S.Ct. 638, 28 L.Ed. 559; Hill v. Chicago & E. Railroad Company, 140 U.S. 52, 54, 11 S.Ct. 690, 35 L.Ed. 331; U. S. v. River Rouge Co., 269 U.S. 411, 413–414, 46 S.Ct. 144, 70 L.Ed. 339; Clark v. Williard, 292 U.S. 112, 118, 54 S.Ct. 615, 78 L.Ed. 1160; Radio Station WOW v. Johnson, 326 U.S. 120, 126, 65 S.Ct. 1475, 89 L.Ed. 2092; Standley v. Roberts, 8 Cir., 59 F. 836; Rust v. United Waterworks Co., 8 Cir., 70 F. 129, 132; Bankers Trust Co. v. Missouri, K. & T. Ry. Co., 8 Cir., 251 F. 789, 797; Curtis v. Connly, 1 Cir., 264 F. 650, 651, affirmed 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; Rector v. U. S., 8 Cir., 20 F.2d 845, 860–861; Thompson v. Murphy, 8 Cir., 93 F.2d 38, 40; Siegmund v. General Commodities Corp., 9 Cir., 175 F.2d 952, 953; Crutcher v. Joyce, 10 Cir., 134 F.2d 809, 813; Kasishke v. Baker, 10 Cir., 144 F.2d 384; cf. Reeves v. Beardall,

316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478; U. S. for use of Arnold v. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 68 L.Ed. 371; 15 Un. of Chi.L.Rev. (1948) 960, 964.

As Judge Sanborn put it in Standley v. Roberts, 8 Cir., 59 F. 836, 839, where the court held appealable an order denying interpleader: "A case cannot be brought to this court piecemeal. An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not substantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable. U.S. v. Girault, 11 How. 22, 32, [13 L.Ed. 587]; Hohorst v. Packet Co., 148 U.S. 262, 263, 13 S.Ct. 590 [37 L.Ed. 443]. But a final decision which completely determines the rights, in the suit in which it is rendered, of some of the parties who are not claimed to be jointly liable with those against whom the suit is retained, and a final decision which completely determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, is subject to review in this court by appeal or writ of error. In Withenbury v. U. S., 5 Wall. 819, [18 L.Ed. 613],

leged joint liability; see 148 U.S. at page 266, and the court's discussion at page 265, 13 S.Ct. at page 591, of earlier decisions. Judge Sanborn, in Standley v. Roberts, 8 Cir., 59 F. 836, 839, discussing Hohorst, underscored the element of a joint liability.

In the following cases which, either before or after Hohorst, applied the Hohorst doctrine, the joint element was present and, usually, was pointed out: Frow v. De La Vega, 15 Wall. 552, 554, 21 L.Ed. 60; Bush v. Leach, 2 Cir., 22 F.2d 296; Shultz v. Manufacturers & Traders Trust Co., 2 Cir., 103 F.2d 771; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125; U. S. ex rel. Weinstein v. Bressler, 2 Cir., 160 F.2d 403, 405; Photometric Products Corp. v. Radtke, 2 Cir., 157 F.2d 849; Porter v. American Distilling Co., 2 Cir., 157 F.2d

1012; Hunteman v. New Orleans Public Service Corp., 5 Cir., 119 F.2d 465; Dunaway v. Standard Oil Co., 5 Cir., 178 F.2d 884, 885; Kuhn v. Canteen Food Service, 7 Cir., 150 F.2d 55, 56.

3. "Jointness" is present where one of the parties is secondarily or derivatively liable,—see the Hohorst case; Oneida Nav. Corp. v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697—or where the asserted liabilities of the defendants, one of whom is dismissed, are very closely interrelated; see Bank of Rondout v. Smith, 156 U.S. 330, 15 S. Ct. 385, 39 L.Ed. 441; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108 at page 111 where the court distinguished Thompson v. Murphy, 8 Cir., 93 F.2d 38. See also Zarati S. S. Co. v. Park Bridge Corp., 2 Cir., 154 F.2d 377, 379.

several libels were filed for the condemnation, as prize of war, of large quantities of cotton and other property. These libels were consolidated, and various claims were interposed in the consolidated suit for portions of the property, and among them the claim of Withenbury & Doyle. An order was made dismissing this claim, with costs, while the suit remained pending and the cotton and its proceeds undisposed of. The supreme court held that this order was appealable, because it completely determined the whole matter in controversy between these claimants and the United States, and was final as to all the parties to that severable controversy."

The following kinds of orders have thus been held appealable: (a) An order dismissing claims of some only of several plaintiffs in a trust accounting action, where the divers claims are not joint.[4] (b) An order dismissing a claim of a creditor in a receivership proceeding, although the several claims of other creditors remain undetermined.[5] (c) An order denying the title of but one of several claimants in a condemnation suit, the claims not being joint.[6] (d) An order denying intervention when it is a matter of right.[7]

In Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, at pages 513–516, 70 S.Ct. 322, at page 325, 94 L.Ed. 299, the Supreme Court (reversing this court, at this court's invitation)[8] said: "When its claims were dismissed by the decree of April 1947, any grievance that Petroleum Conversion Corporation had was fully matured. At that point Petroleum was out of the case. The decree was not tentative, informal nor incomplete as to it; and the case was concluded and closed as to its counterclaims. The court's reservation of jurisdiction to supervise the distribution of the shares of stock and the provision for further proceedings to determine the individual shares in the aggregate recovery allowed did not in any manner affect Petroleum's rights. What the court reserved was essentially supervisory jurisdiction over the distribution among the class of the recovery awarded the intervenors as the class' representatives. The only questions were, so to speak, internal to the intervening interest. Petroleum no longer had any concern with these questions and, however they were resolved, Petroleum could not possibly have been affected. The court obviously selected

4. See Crutcher v. Joyce, 10 Cir., 134 F. 2d 809, 813; cf. Baird v. Peoples Bank & Trust Co., 5 Cir., 120 F.2d 1001, 1003.

5. See, e. g., Yorkshire Inv. & American Mortg. Co. v. Fowler, 2 Cir., 78 F. 56; City and County of Denver v. Stenger, 8 Cir., 295 F. 809; American Brake Shoe & Foundry Co. v. New York Railways, 2 Cir., 282 F. 523, 527–528; cf. Odell v. H. Batterman Co., 2 Cir., 223 F. 292, 295, 296; Dodge v. Norlin, 8 Cir., 133 F. 363; cf. Collins v. Miller, 252 U.S. 364, 368–371, 40 S.Ct. 347, 64 L.Ed. 616.

6. State of Texas v. Chuoke, 5 Cir., 154 F.2d 1, 2; State of Texas v. Harris County, 5 Cir., 158 F.2d 861, 864; cf. U. S. v. River Rouge Co., 269 U.S. 411, 413, 414, 46 S.Ct. 144, 70 L.Ed. 339; Williams v. Morgan, 111 U.S. 684, 4 S.Ct. 638, 28 L.Ed. 559.

7. See, e. g., Dickinson v. Petroleum Corp., 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299; Missouri-Kansas Pipe Line Co. v. U. S., 312 U.S. 502, 505, 508, 665, 61

S.Ct. 666, 85 L.Ed. 975; Brotherhood of Railroad Trainmen v. B. & O., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646; Gumbel v. Pitkin, 113 U.S. 545, 548, 5 S.Ct. 616, 28 L.Ed. 1128; Universal Ins. Co. v. Old Time Molasses Co., 5 Cir., 46 F.2d 925, 926; Cathay Trust v. Brooks, 9 Cir., 193 F. 973; Barrett v. Commercial Credit Co., 54 App.D.C. 249, 296 F. 996, 997; see discussion and cases cited in Sorensen v. U. S., 2 Cir., 160 F.2d 938.

8. See Dickinson v. Mulligan, 2 Cir., 173 F.2d 738, 740–741. There this court said (per Judge Learned Hand) that it felt obliged to accept as a precedent in this circuit this court's previous decision in Clark v. Taylor, 2 Cir., 163 F.2d 940, although the rationale of that decision seemed erroneous to the three judges of this court sitting in the Dickinson case. Accordingly, we invited the Supreme Court to review and reverse our Dickinson decision, and it did so.

The Dickinson case arose under Rule 54(b) as it stood before its amendment in 1948.

with deliberation the issues it would close by the decree and those it would reserve for future decision. If it had any purpose to leave open any issue concerning Petroleum's contentions, or affecting its interests, half a line in the decree would have done so. But that half-line was not written."

The precise question of the appealability of an order discharging an interpleading "stakeholder" is new in this Circuit. The Third and Eighth Circuits have held such an order appealable. See Bank of Taiwan v. Gorgas-Pierie Mfg. Co., 3 Cir., 273 F. 660; Huxley v. Pennsylvania Warehousing Co., 3 Cir., 184 F. 705; Liberty Oil Co. v. Condon National Bank, 8 Cir., 271 F. 928, 930.[9] Professor Moore, citing those cases, maintains that such an order is appealable. He says:[10] "Since such interpleader action 'involves two successive litigations: one between the plaintiff and the defendants as to whether the defendants shall interplead; the other between the different defendants on the conflicting claims' [11]—the order granting or denying interpleader should be considered a final order." With this statement we agree.

Opposed to our conclusion is Credit Bureau of San Diego v. Petrasich, 9 Cir., 97 F.2d 65, where the court cited and relied upon Huxley v. Pennsylvania Warehousing & Safe Deposit Co., 170 F. 587, but neglected to note that there the stakeholder had not been discharged and that in a later stage of the Huxley Case, 3 Cir., 184 F. 705, the Circuit Court entertained an appeal from the discharge order. Other cases cited by the Express Company are not in point.[12]

As above noted, Standley v. Roberts, 8 Cir., 59 F. 836, held that an appeal will lie from an order denying interpleader.[13] The Express Company argues that, although such an order is final, it is unlike that here, because "it disposes of all the rights of the interpleading party against all the claimants, and refuses him an equitable remedy of long standing." But the order here, discharging the interpleading party, "disposes of all the rights" of the plaintiffs against that party.[14]

■ 2. However, thanks to Rule 54 (b) as amended in 1948, the order is not final and appealable because here there are multiple claims, and because the trial judge did not "direct the entry of a final judgment * * * upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." We interpret the Rule as meaning no more than this: Before the Rule, an order of the kind described therein, even if it would otherwise have been final, was nevertheless interlocutory when the trial judge stated that he was reserving the power to alter it, for then it was but a provisional or tentative order. As, by his explicit reservation, he left the order revocable, he kept it in suspense, and therefore truly interlocutory, hence not appealable.[15] The only effect of Rule 54(b) is that it requires us to

9. Reversed on other grounds, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232.

10. Moore, Federal Practice (2d ed. 1948) 3047.

11. Here he cites and quotes from Turman Oil Co. v. Lathrop, D.C., 8 F.Supp. 870, 873.

12. In Hunter v. Federal Life Ins. Co., 8 Cir., 103 F.2d 192, 194, the interpleader order had not become complete because there remained open the determination of the "amount necessary to purchase certain insurance * * *." In Kummer v. U. S., 6 Cir., 148 F.2d 191, 192–193, there was no order dismissing the stakeholder, and the suit between it and another party still continued.

13. See also Railway Express Agency v. Jones, 7 Cir., 106 F.2d 341.

14. Cf. the sauce-for-the-gander doctrine enunciated in Hovey v. McDonald, 109 U.S. 150, 156, 3 S.Ct. 136, 27 L.Ed. 888; Dexter Horton National Bank v. Hawkins, 9 Cir., 190 F. 924, 927. In Ex parte Tiffany, 252 U.S. 32, 37, 40 S.Ct. 239, 241, 64 L.Ed. 443, the Court referred to the Dexter Horton National Bank case as "a well-considered case".

15. City of Covington v. Covington First National Bank, 185 U.S. 270, 277, 22 S. Ct. 645, 46 L.Ed. 906; City of Paducah v. Tennessee Tel. Co., 229 U.S. 476, 33 S.Ct. 816, 57 L.Ed. 1286; cf. U. S. v. Smith, 331 U.S. 469, 474, 67 S.Ct. 1330, 91 L.Ed. 1610.

treat the trial judge's silence concerning an order covered by that Rule as the equivalent of such an explicit reservation; in failing to utter a "determination," he is deemed to have made his order subject to his own recall at any time before the end of the entire litigation;[16] so interpreted, there is no question of the Rule's validity, as there might be if it diminished the statutory jurisdiction of the upper courts under 28 U.S.C. § 1291.[17]

Our experience indicates that at least some trial judges are not aware that orders within Rule 54(b), although they would otherwise be final, are not appealable without such "determinations," so that at times the withholding of the requisite formula has apparently been inadvertent; in several

cases, in each of which we said we would entertain an appeal if the trial judge supplied the "determination," he has done so.[18] In the instant case, it is difficult to believe that the trial judge, by his silence, intended to render his discharge order not final. For pretty obviously he intended that, if the plaintiffs elsewhere sued the Express Company, or if the impleaded defendants sued that Company, his discharge order would be available to the Express Company by way of *res judicata*. Yet, as that order, absent a "determination," is not now final, it can have no *res judicata* effect.[19]

In all probability, the Express Company will deplore that result and will therefore join the plaintiffs in a request to the trial

16. We have held that, despite the fact of multiple claims, the Rule is inapplicable to an order denying an interlocutory injunction, because the statute, 28 U.S.C. § 1292, provides that such an order is appealable. See Cutting Room Appliances Corp. v. Empire Cutting M. Co., 2 Cir., 186 F.2d 997, 998.

17. The Supreme Court has said that the 1934 statute which empowered it to promulgate procedural rules for "the district courts" gave it no authority to affect the statutory jurisdiction of any of the courts and particularly of the appellate courts. In Sibbach v. Wilson, 312 U.S. 1, 10, 61 S.Ct. 422, 425, 85 L. Ed. 479, the Court, citing and construing this very Rules statute, referred to "the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute." In support of this statement, the Court cited several cases. In one of those cases, Hudson v. Parker, 156 U.S. 277, 284, 15 S.Ct. 450, 453, 39 L.Ed. 424, the Court said: "This court cannot, indeed, by rule, enlarge or restrict its own inherent jurisdiction and powers, or those of other courts of the United States * * *." Also cited in the Sibbach case is Davidson Bros. Marble Co. v. Gibson, 213 U.S. 10, 18, 29 S.Ct. 324, 327, 53 L.Ed. 675, where it was said: "The rule substantially impairs his right to appeal to this court, —a right which is conferred by statute." In U. S. v. Sherwood, 312 U.S. 584, 589–590, 61 S.Ct. 767, 771, 85 L. Ed. 1058, the Court said: "An authority conferred upon a court to make rules of procedure for the exercise of its juris-

diction is not an authority to enlarge that jurisdiction and the Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. § 723b, 28 U.S.C.A. § 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts." See also Moore, Federal Practice (1938) 3155–3157; Washington-Southern Co. Nav. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480; Venner v. Great Northern Ry., 209 U.S. 24, 25, 34–35, 28 S.Ct. 328, 52 L.Ed. 666; cf. Chase Watch Corp. v. Heins, 284 N.Y. 129, 134, 29 N.E.2d 646; Benton v. Institute of Posturology, 243 Wis. 514, 11 N.W.2d 133, 134; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465, 466.

18. In such a case, the time for taking an appeal begins to run with the filing of the "determination."

19. Joseph T. Ryerson & Son v. Bullard Mch. Tool Co., 2 Cir., 79 F.2d 192, 194; Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733, 741; U. S. v. One 1946 Plymouth Sedan Automobile, 7 Cir., 167 F.2d 3, 8–9; cf. U. S. v. U. S. Smelting Refining & Mining Co., 339 U.S. 186, 198–199, 70 S.Ct. 537, 94 L.Ed. 750; Brown v. Quinlan, 7 Cir., 138 F. 2d 228, 229; Benson Hotel Corp. v. Woods, 8 Cir., 168 F.2d 694, 697; Hunter v. Atchison T. & S. F Ry. Co., 7 Cir., 188 F.2d 294, 299; City of Savannah v. Jesup, 106 U.S. 563, 565, 1 S.Ct. 512, 27 L.Ed. 276.

judge to enter a "determination," and in all likelihood he will comply with that request. Accordingly, we need not consider whether, in any circumstances, mandamus will issue,[20] and whether, if so, this would be a proper case for the use of that writ.

Following our previous decisions,[21] we hold as follows: If the plaintiffs procure from the trial judge the prescribed action, they may file a new appeal; and if all parties file a consent to such a course, we will decide the questions raised upon the present appeal record as thus supplemented.

Appeal dismissed.

---

20. See Moore, Commentary On the United States Judicial Code (1949) 518.

21. Tobin Packing Co. v. North American Car Corp., 2 Cir., 188 F.2d 158; Lyman v. Remington Rand, Inc., 2 Cir., 188 F. 2d 306, 307, 308.