**Barbara Marie GUILLORY et al.**

v.

**The ADMINISTRATORS OF The TULANE EDUCATIONAL FUND et al.**

**Civ. A. No. 11484.**

United States District Court
E. D. Louisiana.

May 15, 1962.

John P. Nelson, Jr., Pilie, Nelson & Limes, Mrs. Katherine S. Wright and Lewis R. Graham (Intervenor) New Orleans, La., for plaintiff.

John P. Little, Guste, Barnett & Little, Wood Brown, III, New Orleans, La., for defendants.

John C. Foster, Eugene E. Huppenbauer, Jr., Curtis, Foster, Dillon & Huppenbauer, New Orleans, La., for Florence N. Apostle, Jesse C. Nicholls and George Nicholls.

William S. Belcher, Wylie & Belcher, St. Petersburg, Fla., for third party defendants, Annis, Alcesta and Lida Tulane.

Bush L. Gamble, Harry P. Gamble, III, and Walter J. Suthon, Jr., New Orleans, La., for third party defendant, Harry P. Gamble.

FRANK B. ELLIS, District Judge.

In response to plaintiffs' motion for clarification, the order of this Court of May 8, 1962, granting defendant's motion for new trial is amended as follows:

IT IS ORDERED that the summary judgment of March 29, 1962, be and the same is hereby vacated.

IT IS ORDERED that the temporary injunction of April 9, 1962, be and the same is hereby dissolved.

IT IS FURTHER ORDERED that this cause be fixed for trial on the merits at the earliest possible date.

REASONS

Plaintiffs' contention that defendant's motion for new trial is not timely since it was filed more than ten days from summary judgment, although less than ten days from entry of the temporary injunction, is unfounded. Plaintiffs' complaint requested a declaration of the relations of the parties, a declaration that defendant's actions violated the Fourteenth Amendment and a permanent injunction against defendant. On January 20, 1962, plaintiffs moved for a general summary judgment for all relief sought in the complaint.

On March 28, 1962, an opinion was filed which might be called declarative of the parties' relations. On March 29, 1962, an unsigned memoranda was entered in the minutes. On April 9, 1962, after plaintiffs had submitted, in writing, a suggested "form of judgment" to this Court for the temporary injunction, a temporary injunction was formally signed and issued. Defendant's motion for new trial was filed on April 13, 1962.

█ Rule 59 F.R.Civ.P. 28 U.S.C. A., provides that a motion for new trial or to amend the judgment must be made within ten days of the "entry of judgment." Judgment is "entered" under Rule 58 for relief other than a jury verdict or money judgment when the judge settles or approves the form of judgment and orders that it be entered. Plaintiffs' demand for declaratory relief and injunction is clearly "other relief" as contemplated by Rule 58. The Judge's eventual approval of the injunction of April 9, 1962, constituted the form of order for entry as a final judgment.

█ Moreover, a summary judgment on a complaint requesting declaratory and injunctive relief, especially in the peculiar circumstances of this case,

would not constitute a final judgment as conceived of by Rule 54(b) until the injunction is issued. Harms, Inc. v. Tops Music Enterprises, Inc. of Cal. (S.D. Cal.) 160 F.Supp. 77; compare Texas Eastern Transmission Corp. v. McDonald (7 Cir.) 198 F.2d 929. The District Judge made no determination that the summary judgment was final as to a divisible portion of this case as provided in Rule 54(b); and in fact negated any such implication by approving and issuing a formal injunction shortly after the summary judgment. The District Judge's silence here is interpreted as a reservation of jurisdiction until final disposition of the total judicial suit. Republic of China v. American Express Co. (2 Cir.) 190 F.2d 334. "It is clear * * * that for a judgment which does not determine all of the issues involved in an action to be final and appealable under [Rule 54(b)], it must make a final determination and disposition of a claim which is 'entirely distinct from other claims involved.'" Western Contracting Corp. v. National Surety Co. (4 Cir.) 163 F.2d 456. The obvious indivisibility of the declaratory judgment and the injunction, see Harms, Inc. v. Tops Music Enterprises, Inc. of Cal., supra, in this case makes April 9, 1962, the date of entry of judgment from whence the ten-day period of Rule 59 runs.

With respect to defendant's motion for new trial as it relates to the summary judgment, Rule 56 F.R.C.P. provides that only where "there is no genuine issue as to any material fact" may a motion for summary judgment be granted.

If, on the one hand, the prior summary judgment of this Court was premised on the fact that Tulane was a state school within contemplation of history and Louisiana law, it could scarcely be said that this material fact is not genuinely in issue. Combining, as it does, considerations of fact, law and history to which the parties give such varied interpretations, this "finding" hardly seems appropriate to the summary process.

 If, on the other hand, the summary judgment was based on the findings of state action sufficient to bring Tulane within the purview of the Fourteenth Amendment, summary judgment is still inappropriate. While the "facts" of legislative franchise, state subsidy, tax exemption and revenue may not be in issue, their modifying adjectives of degree i. e. "special", "substantial", "unique" and "considerable" are certainly in issue. The Supreme Court has made it clear that the *degree* of state action controls the question of whether the Fourteenth Amendment applies to a given activity. "It is clear, as it always has been since the Civil Rights Cases, supra [109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835], that 'individual invasion of individual rights * * does no violence to the Equal Protection Clause unless to some *significant extent* the State in any of its manifestations has been found to have become involved in it.'" Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (emphasis supplied). The question of "significant state action" will be ripe for determination after a trial on the merits.