# BROWN *v*. PETERSEN.

---

EXECUTION; CLAIMANTS OF PROPERTY LEVIED UPON; FRACTIONS OF A DAY; LIENS; EVIDENCE.

1. Where a written claim by a third party to goods levied on as the property of a judgment defendant was served on the marshal on the same day he sold the goods under the execution, and there is nothing to show whether the sale was before or after the receipt by him of the notice, it will be assumed that the claim and the sale were simultaneous and therefore that the claim was made in due time, as the law recognizes no fractions of a day unless the circumstances require it; and the notice by the marshal to the justice of the peace before whom the suit was pending, that the claim had been made, and the retention by the auctioneer of the goods, will be regarded as corroborative evidence that the claimant's notice was received in due time.

2. A person in possession of personal property under a lien is the owner of it as against all the world, including the actual owner and his judgment creditors, and no one has a right to disturb his possession without paying his claim; and he does not lose his right to claim the property, where it has been seized under a writ of execution against the owner, by purchasing it at a sale under the writ, his action in that regard being no more than a prudent precaution to save the property from sacrifice.

3. Suspicion is not proof, and where the testimony is positive and uncontradicted, and not inherently improbable, the trial court is justified in directing a verdict, as the jury would not be at liberty to disregard such testimony.

No. 1515. Submitted March 24, 1905. Decided April 4, 1905.

HEARING on an appeal by the plaintiff from a judgment of

the Supreme Court of the District of Columbia on a verdict directed by the Court for the claimant of property seized under a writ of execution.                                    *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a judgment of the supreme court of the District, in a suit which originated before a justice of the peace, and it is a pertinent illustration of the inexpediency of the law which allows such appeals. It is understood that the costs incurred in bringing the cause here have very considerably exceeded the original amount in controversy. It is very true that sometimes in cases involved only small pecuniary amounts as important principles are involved as in cases of far greater magnitude as to amount. But we venture to suggest that such cases would be better reached and the purposes of justice better subserved by a modification of the law so as to place appeals from justices of the peace on a basis analogous to the appeals from the police court, or to the matter of special appeals under the statute, which might be preferable.

The appellant here, D. V. Brown, had a claim against one Archer L. Hood, an optician, for $68.40, and sued him and obtained judgment before a justice of the peace. A writ of fieri facias was issued to the marshal; and the marshal levied upon certain personal property in a store on F street, in this city, owned by the appellee, Petersen, who conducted there a jeweler's establishment. The property seized and taken by the marshal into his possession consisted of one grindstone, one picture, one electric motor, one switch board, shafting, and belt, of the value in all of about $60 or $70. These articles the officer removed from the place on F street, and placed them for sale under the execution at the place of business of an auctioneer on Pennsylvania avenue. All this happened between May 9 and May 22, 1903.

The judgment debtor then made claim for the property as exempt from execution; and trial was had of this issue before a justice of the peace, and judgment was rendered for the claim-

ant. But a new trial was allowed, and on the new trial judg-
ment was rendered for the creditor, Brown, and against the
claimant Hood, and the claimant appealed to the supreme court
of the District. This was on June 4, 1903. The appeal would
seem to have been abandoned.

Then the appellee, Petersen, came in and made claim to the
articles levied upon. He gave written notice of his claim to the
marshal on June 27, 1903; and the marshal gave notice to the
justice of the peace, which was filed before the latter on July 1,
1903. Trial was set for July 7, 1903, but there were various
delays and postponements, and judgment was not rendered
until September 30, 1903. It was adverse to the claimant, and
he appealed to the supreme court of the District. There the
case was tried *de novo* by the court with a jury, and testimony
was heard for both sides, and the court at the close of it directed
a verdict for the claimant and entered judgment in pursuance
of the verdict. Upon a bill of exceptions, reserved at the trial,
the creditor, Brown, has now appealed to this court from that
judgment.

The bill of exceptions purports to contain all the evidence
that was given in the case. It consists of the testimony of three
witnesses, Petersen on his own behalf, the auctioneer for the
defendant Brown, and the claimant's counsel for Petersen in
rebuttal.

Petersen's testimony was to the effect that in April of 1903
he rented part of his store on F street to Hood for $25 a month,
payable in advance; that he soon found that Hood was unable
to pay in advance, and he (Petersen) demanded security; that
Hood thereupon delivered to him as security the articles which
he brought to the store and which are the articles before men-
tioned as levied on afterwards by the marshal; that he took the
articles and placed them on his own side of the store, where they
remained until the marshal levied upon them; that when the
deputy marshal came to seize them the witness told him that he
held them as security for rent to the amount of $50 then due
to him from Hood, and would not give them up until his claim
was paid; that the deputy marshal insisted upon taking them

anyhow and told him that he (the witness) might put in a claim for them; and that the sum of $50 was then due as rent, which since then had been increased to $150.

For the defense the auctioneer, to whom the marshal had delivered the goods for sale, testified that he had sold them on June 27, 1903; that the electric motor had been bought by one Lease for $10, its full value; that the other articles had been purchased for Petersen by Hood as his agent for $51, of which $5 had been paid at the time of sale, and the residue remained unpaid; and that the articles so purchased by Hood for Petersen yet remained at the place of business of the witness.

In rebuttal it was testified that notice in writing of Petersen's claim was given to the marshal by Petersen's attorney on June 27, 1903.

*Mr. Victor H. Wallace* for the appellant.

*Mr. John W. Echols* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

1. The appellant contends that the appellee's claim was not made until July 1, 1903, and that it was too late, as the articles levied on had then been sold. But the testimony is that the appellee's claim was made to the marshal on June 27, 1903; and that the goods were sold on the same day. There is nothing in the record to show whether the sale was before or after the receipt of notice by the marshal; but as the law recognizes no fractions of a day, unless the circumstances demand it and there is testimony to the point, we must assume that the notice and the sale were simultaneous, and therefore that the notice was in due time. The marshal's notice to the justice of the peace that the claim had been made, and the auctioneer's retention of the articles sought to be sold, must be regarded as corroborative evidence that the claimant's notice was received in due time to stop the sale.

2. The appellant's next contention is that the appellee did

not show such property in the goods in question as entitled him under the Code to maintain a claim of ownership. But this contention is without foundation in the law. The appellee had a lien on the property for the payment of his rent, which was something more than the tacit lien given to a landlord by the statute; and he had it in his actual possession as the qualified owner of it, subject to the devesting of his right by the payment of the claim. Now, it is elementary law, which needs no elaboration of argument or citation of authorities in support of it, that a person in possession of property under a lien is the owner of it against all the world and even against the actual owner until his claim is paid; and no one, not even the actual owner, has any right to disturb his possession, without previous payment of such claim. There is no doubt whatever that the appellee was entitled to maintain this proceeding. Nor was he precluded from maintaining it by his becoming a purchaser at the marshal's sale. His action in that regard was no more than a prudent precaution to save the property from sacrifice.

3. In the third place, the appellant contends that the jury might not have believed Petersen's testimony; that they were the sole judges of the facts, and that therefore the cause should have been submitted to them for their determination; and it is argued that there were several suspicious facts about the case which the jury should have been allowed to consider, and which might have had weight with them. Undoubtedly the case was not above suspicion as to some understanding between Petersen and Hood; but that understanding may have been entirely proper and legitimate, and it has long since been well established in our law that suspicion is not proof and cannot be allowed to take the place of proof. The appellant's contention would require that every case of uncontradicted and unimpeached testimony should be submitted to a jury, when there is no countervailing testimony. But this is not the law. The law is that positive testimony uncontradicted, and not inherently improbable, is prima facie evidence of the fact which it seeks to establish it, and the jury is not at liberty to disregard it. *Crane* v. *Morris,* 6 Pet. 598, 8 L. ed. 514; *Kelly* v. *Jack-*

*son,* 6 Pet. 622, 8 L. ed. 523; *United States* v. *Wiggins,* 14 Pet. 334, 10 L. ed. 481; *Quock Ting* v. *United States,* 140 U. S. 417, 35 L. ed. 501, 11 Sup. Ct. Rep. 733, 851; *The City of New York* (*Alexandre* v. *Machan*) 147 U. S. 72, 37 L. ed. 84, 13 Sup. Ct. Rep. 211.

We find no error in the record, and the judgment appealed from must therefore be affirmed, with costs. And it is so ordered. *Affirmed.*

A motion for a rehearing was overruled May 5, 1905.