### BARRETT v. COMMERCIAL CREDIT CO.

(Court of Appeals of District of Columbia. Submitted February 7, 1924. Decided March 3, 1924.)

No. 4006.

**1. Appeal and error ⊜⟼79(1)—Judgment of municipal court, denying petition of intervenor reviewable by District of Columbia Court of Appeals on writ of error.**

Where an intervention petition, seeking to obtain possession of a car involved in a replevin action in the municipal court, or in the alternative, the value of the car, is denied, the judgment in so far as intervener is concerned, is, final, and may be reviewed by the Court of Appeals of the District of Columbia on a writ of error.

**2. Livery stable and garage keepers ⊜⟼8(4)—Statutory provisions for notice of lien refers either to owner or to conditional vendee.**

The provisions of Code, § 1262, as amended (41 Stat. 568), giving garage keepers a lien for storage and repair charges incurred by owner or conditional vendee, relating to notice, refer either to owner of car or to conditional vendee.

**3. Livery stable and garage keepers ⊜⟼8(4)—Statutory notice unnecessary for recovery of possession of vehicle.**

Where a garage keeper, under Code, § 1262, as amended (41 Stat. 568), giving garage keepers a lien for storage and repair charges incurred by owner or conditional vendee, is seeking to repossess a car taken under a writ of replevin, and not to enforce his lien, it is not necessary to give the notice provided for by that section.

**4. Livery stable and garage keepers ⊜⟼8(1)—Legislature may create lien in favor of garage keeper against conditional vendee.**

It is within the power of the Legislature to create a statutory lien in favor of a garage keeper, and provide that the lien may run against a conditional vendee and have priority over a conditional bill of sale.

In Error to the Municipal Court of the District of Columbia.

Replevin by the Commercial Credit Company against James E. Woodhouse, in which T. William Barrett filed a petition of intervention. The intervention petition was denied, and intervener brings error. Judgment reversed, and cause remanded for further proceedings.

---

⊜⟼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

R. Golden Donaldson, Hayden Johnson, Charles L. Frailey, and James A. Purcell, all of Washington, D. C., for plaintiff in error.

Alexander Wolf, Nathan Cayton, and Magnien McArdle, all of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the municipal court of the District of Columbia. It appears that one James E. Woodhouse purchased an automobile from the Capital City Garage Company on a conditional sale agreement, whereby the title to the automobile was to remain in the vendor until the full amount of the purchase price was paid. Subsequently the vendor company assigned the sale contract to the Commercial Credit Company, defendant in error, plaintiff below. The conditional sale agreement was recorded, as required by statute, and, upon default by Woodhouse, the plaintiff company, assignee of the conditional vendor, sued out a writ of replevin for the automobile.

It appears that Woodhouse, while in possession of the automobile, had placed it in the garage of plaintiff in error, T. W. Barrett, who claims, for repairs, supplies furnished, and storage, the sum of $203.-08. Barrett intervened in the replevin proceedings in the court below, seeking to obtain an order of the court requiring the United States marshal to redeliver the car to him, or, in the alternative, that defendant in error, plaintiff company, be required to pay him the full amount of his claim. From the action of the municipal court, denying the petition of the intervener, the case comes here on writ of error.

[1] The jurisdiction to review the case in error is assailed on the ground that the appeal is from an interlocutory order of the court below. The objection is not well taken, since the order was a final judgment in the case so far as the intervener was concerned. It terminated his rights in the action below; hence, so far as his case is concerned, it operated as a final judgment, which may be brought here on writ of error.

[2] The case turns upon the construction of section 1262 of the District Code, as amended (41 Stat. 568), which reads as follows:

"Sec. 1262. *Liveryman.*—It shall be lawful for all persons keeping or boarding any animals at livery within the District, under any agreement with the owner thereof, to detain such animals until all charges under such agreement for the care, keep, or board of such animals shall have been paid: Provided, however, that notice in writing shall first be given to such owner in person or at his last known place of residence of the amount of such charges and the intention to detain such animal or animals until such charges shall be paid. Garage keepers shall also have a lien for their charges for storage, repairs, and supplies of or concerning motor vehicles, when such charges are incurred by an owner or conditional vendee of such motor vehicles, and may detain such motor vehicles at any time they may have lawful possession thereof, after giving a notice similar to that provided for liverymen. If said charges are not paid in thirty days said lien may be enforced in the manner provided in section 1264."

This is an amendment of the original section 1262, which was enacted before automobiles came into use. The original section pro-

vided for a lien in favor of liverymen for the care and keep of ani-
mals against the owner thereof. Congress, in amending the statute,
seems to have taken notice that motor vehicles are sold frequently up-
on conditional sale contracts, and accordingly provided for a lien in
favor of garage keepers, where the charges are incurred either by
the owner or the conditional vendee. In this instance the charges
were incurred by the conditional vendee, and when the marshal seized
the automobile upon the writ of replevin, sued out by the assignee of
the conditional vendor, plaintiff in error promptly intervened for the
purpose of protecting his lien against the automobile. The court be-
low, interpreting the statute, said:

"The amendment plainly distinguishes between the owner and conditional
vendee in that the lien may arise from the act of either in incurring the lia-
bility, whereas it specifies the notice must be given to the owner without
mentioning the conditional vendee. Such notice not having been·given as
provided in the amendment, the keeper's lien is not good as against the plain-
tiff."

[3] The provisions of the original statute were extended to include
garage keepers, and the provision providing for notice, under a rea-
sonable interpretation, must refer either to the owner or conditional
vendee, and the language, "after giving a notice similar to that provid-
ed for liverymen," merely defines the form of notice, and is not in-
tended to confine the notice to the owner. In the present instance no-
tice was not required, inasmuch as the action here is for possession of
the automobile, not to enforce the lien.

Plaintiff in error had a valid lien against the automobile, which,
under the statute, superseded the claim of the assignee of the condi-
tional vendor, and inasmuch as appellant is not seeking to enforce his
lien, but to secure possession in order that proceedings to enforce the
lien may be instituted, when proper notice under the statute can be
given, his petition for the return of the automobile should have been
granted.

[4] The lien here created in favor of the garage keeper is a statu-
tory lien. It differs from a common-law lien arising in favor of one
furnishing labor and materials for the repair or keep of a chattel for
the owner. In the Ohio case, relied upon by defendant in error (Met-
ropolitan Securities Co. v. Orlow, 107 Ohio St. 583, 140 N. E. 306),
it was held that a common-law lien will not take priority over a chat-
tel mortgage. The same would undoubtedly be true as to its equiva-
lent a conditional bill of sale. It is, however, clearly within the pow-
er of the Legislature to create a statutory lien in favor of a garage
keeper, as in this case, and provide therein that such lien may run
against a conditional vendee, and thus take priority over the condi-
tional bill of sale. In such a case the sale is made with notice of the
statutory provision that a garageman, dealing with the conditional ven-
dee, will be protected by a lien on the automobile for labor and mate-
rials furnished at his instance. The very fact that the statute awards
a lien for work done or materials furnished at the instance of the con-
ditional vendee, and in view of the further fact that the automobile
business is largely conducted upon a credit basis, by which dealers
protect themselves through conditional sales agreements, are indica-

tive, of the legislative intent to give such alien priority over the conditional bill of sale. But for the bill of sale, there would be no such a party as the conditional vendee; hence the vendor cannot well object, if his method of doing business has impelled the legislation of which he here complains.

The judgment is reversed, with costs, and the cause is remanded for further proceedings, not inconsistent with this opinion.