### In re CARTER.

District Court, W. D. New York. June 22, 1927.

Livery stable keepers ⬳8(3)—Lien of garage owner on automobile for repairs and supplies furnished held not lost by surrender of car to owner for temporary use (Lien Law N. Y. § 184).

Under Lien Law N. Y. § 184, the lien of a garage owner who made repairs on, and furnished gasoline and supplies for, an automobile, *held* not lost by permitting the owner to take the car for temporary use under an agreement to return it.

In Bankruptcy. In the matter of Donald H. Carter, individually and doing business as the Carter Clothing Company. On review of an order of the referee. Finding ordered to conform to opinion.

Lee Fassett, of Wellsville, N. Y., for petitioner.

William Duke, Jr., of Wellsville, N. Y., for creditor First Trust Co.

HAZEL, District Judge. The bankrupt owned a Nash automobile which he had, during a period of about eighteen months, taken to petitioner, a garage owner, for repairs and to obtain gasoline and supplies, amounting to $133.74. On March 13, 1926, the bankrupt again took his automobile to petitioner's garage, where it again was repaired. On completion of said repairs, petitioner asserted a lien upon the automobile for the above-mentioned amount, and said he would keep the car in his possession. The bankrupt, who is a cripple and unable to walk normally, then requested permission to use the motorcar for a limited time until another car belonging to him could be put in running condition by petitioner, when the Nash car would be returned.

On March 9, 1926, an execution was is-

sued against the bankrupt to the sheriff upon a judgment obtained by the First Trust Company of Wellsville, N. Y., for $7,861.30, and subsequently, on March 16, 1926, while the Nash car was in the bankrupt's possession, under his consent agreement with petitioner, the deputy sheriff made a levy. The bankrupt said nothing about petitioner's lien for repairs· and supplies, but requested that he be permitted to use the car for an hour, he to return the car to where it then stood. Instead he drove the car to the petitioner's garage and left it there.

The question is whether, by permitting the bankrupt to take the motorcar and use it for a limited time, petitioner's lien under section 184 of the Lien Law was lost.

The referee held that by parting with possession the lien was lost, and the levy by the sheriff was paramount. I am unable to adopt this view.

In Willys-Overland Co. v. Prudman Automobile Co. (Mun. Ct.) 196 N. Y. S. 487, which was an action to replevy an automobile sold to one Schliffler by plaintiff, Schliffler having paid part of the purchase price in cash, and given a chattel mortgage for the remainder, a different conclusion was reached. Defendant, in that case, conducted a public garage, stored said automobile, and furnished gasoline for it. While the car was in defendant's possession, he asserted a garageman's lien on it, and then surrendered the car to Schliffler. Plaintiff claimed that the chattel mortgage was a paramount lien on the automobile, and that defendant had lost his lien, if any, by not keeping it in continuous possession. The court said:

"This latter contention I do not think is sound, and is authoritatively disposed of by the case of Johanns v. Ficke, 224 N. Y. 515, 519, 121 N. E. 358, 360, where the Court of Appeals, construing an identical section (183), * * * applicable to * * * livery stable keepers," said that: 'It was within the legislative comprehension that unbroken * * * possession * * * by' livery stable keepers 'was impracticable.' That case determined * * * that the 'statute' was intended to protect livery stable keepers against * * * the common law that interruptions of actual, continuous * * * possession were inconsistent with the existence of a lien. I conclude, therefore, that the defendant did not lose his lien" by permitting Schliffler to use the car.

In Rapp v. Mabbett Motorcar Co., 201 App. Div. 286, 194 N. Y. S. 203, Judge Sears, in construing section 183 of the Lien Law, said that the provision "has changed the common law in respect to livery stable keepers, and section 184 of the Lien Law has changed the common law in respect to garage keepers. In both cases the temporary surrender of the chattel to the owner does not terminate the bailment or invalidate the lien."

These adjudications are thought to cover the facts of the instant case by analogy. Accordingly, the lien was not lost by surrendering temporary possession. The finding of the referee must conform to this holding. So ordered.