## GORDON v. SULLIVAN.

### No. 10602.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 16, 1950.

Decided Jan. 18, 1951.

Mr. Jacob N. Halper, Washington, D. C., with whom Messrs. Milford F. Schwartz and Leonard B. Sussholz, Washington, D. C., were on the brief, for appellant.

Mr. Ben Paul Noble, Washington, D. C., for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This appeal requires us to construe the section of the District of Columbia Code which has to do with garage keepers' liens,[1]

---

1. Section 38–201. "It shall be lawful for all persons keeping or boarding any animals at livery within the District, under any agreement with the owner thereof, to detain such animals until all charges under such agreement for the care, keep, or board of such animals shall have been paid: *Provided, however,* That notice in writing shall first be given to such owner in person or at his last-known place of residence of the amount of such charges and the intention to detain such animal or animals until such charges shall be paid. Garage keepers shall also have a lien for their charges for storage, repairs, and supplies of or concerning motor vehicles, when such charges are incurred by an owner or conditional vendee of such motor vehicles, and may detain such motor vehicles at any time they may have lawful possession thereof, after giving a notice similar to that provided for liverymen. If said charges are not paid in thirty days said lien may be enforced in the manner provided in section 38–203. (Mar. 3, 1901, 31 Stat. 1388, ch. 854, § 1262; Apr. 19, 1920, 41 Stat. 568, ch. 153.)"

and to say whether appellant has, as he claims, a valid lien thereunder. The automobile in question was brought to appellant for repairs by McCarthy Decorating Company which held it under a conditional sale contract on which a balance of $1,600 was owed to Commercial Credit Company. This was in June, 1949.

After about one week the repair work was suspended pending receipt of certain parts and appellant delivered the car to Daniel J. McCarthy, president of the company, upon his agreement to return it so the work might be completed. McCarthy used the automobile for about three weeks, during which time appellant advised him the parts had been received. McCarthy did not return the automobile to appellant as he had agreed to do; but, "because he believed that the finance company was looking for the car," he stored it in his own name at the Shoreham Garage on July 9, 1949. On or about July 15, following a telephone call from one who identified himself as McCarthy and authorized the delivery of the car to the appellant, the Shoreham Garage released it to him, having collected from him the storage charges. McCarthy denied making the call. A short time before receiving the telephone message, the Shoreham Garage had refused to turn the car over to appellant's agent without McCarthy's consent.

Pursuant to an involuntary petition filed on July 18, 1949, McCarthy Decorating Company was adjudged a bankrupt on July 21, 1949. Schedules filed by the bankrupt on August 2 listed the appellant as a creditor to whom priority is secured by the Act, the indebtedness being approximately $600 for "auto repairs." A rule to show cause why the automobile should not be turned over to the receiver in bankruptcy was heard on August 4. The Referee in Bankruptcy held Gordon had released the automobile to McCarthy without any agreement for the lien to continue; that in the circumstances the delivery of the car to him by the Shoreham Garage did not give Gordon lawful possession; and that Gordon gave no written notice as to the amount of his charges and his intention to detain the car until the charges were paid. Having so found, the Referee concluded Gordon had not complied with the statute and so had no lien. He ordered the car turned over to the trustee. On petition to review, the United States District Court affirmed, saying,

"The finding by the Referee that possession of the car was regained by fraud requires that his order be affirmed * * *."

The statute provides, without qualification, that a garage keeper shall have a lien for his charges. It is unnecessary for him to give a notice or to take any other affirmative step to perfect or preserve it, as the notice is required by the statute only as a prerequisite to detention or enforcement. Barrett v. Commercial Credit Co., 1924, 54 App.D.C. 249, 296 F. 996. Gordon had a lien, therefore, by operation of law and did not lose it by failing to give the statutory notice.

The Trustee in Bankruptcy insists the lien was lost when Gordon permitted McCarthy to take the car. He says this is a common law possessory lien which is extinguished by any loss of possession, and which cannot be restored by a subsequent resumption of possession. While a garage keeper's lien partakes of the nature of a possessory lien because possession is essential to its enforcement, it differs from the common law lien in that its existence does not depend upon continuance of possession. This is so because, after declaring a garage keeper shall have a lien, the statute says he may detain the subject car whenever he has lawful possession of it, which means he may enforce the lien whenever he has such possession. Barrett v. Commercial Credit Co., supra. This clearly provides that reacquired possession revivifies the remedy—an idle provision if the lien itself has not survived. Thus a garage keeper who has repaired and released a car, without receiving his charges, may detain it for those charges when it is brought to him a second time, and if he chooses may then enforce his original lien.

Gordon's lien was not extinguished, therefore, when he released the automobile

to McCarthy;[2] it was merely in a state of suspended animation while he was out of possession, since he could not enforce it during that period. If his regained possession was lawful, the remedy was once more available. In re Carter, D.C.W.D.N.Y. 1927, 21 F.2d 587.

But it is argued his reacquired possession was not lawful because it is said he unlawfully obtained the car from the Shoreham Garage. In considering the argument it is necessary to bear in mind that Gordon's lien subsisted while he was out of possession. He was at all times a lienor and not a common creditor. Before considering the question whether he unlawfully obtained the car, we shall first take up the question whether he was then entitled to possession of it; for the answer to the first query depends in large measure on the answer to the second.

The appellant was entitled to repossess the car for two reasons: (a) because as statutory lienor he could not otherwise enforce his lien, and (b) because McCarthy had expressly agreed to return it for completion of the work when the necessary parts were on hand. Being thus entitled by status and by contract to possession, did Gordon regain the automobile unlawfully?

■ At common law the owner of property had the right of recaption or reprisal, that is, the right to regain possession of his property wherever he found it "so it be not in a riotous manner, or attended with a breach of the peace."[3] We see no reason for denying a similar right to a lienor entitled to possession, for

"* * * a person in possession of property under a lien is the owner of it against all the world and even against the actual owner until his claim is paid; and no one, not even the actual owner, has any right to disturb his possession, without previous payment of such claim." Brown v. Petersen, 1905, 25 App.D.C. 359, 363.

■ In this case Gordon repossessed the automobile without tumult, so his taking and retention were lawful unless some other person had a superior right to possession. We have already seen that the appellant was entitled to possession as against McCarthy and his company. He was entitled to possession as against Commercial Credit Company because he had a superior lien. Barrett v. Commercial Credit Co., supra. He was entitled to possession against the Trustee in Bankruptcy because the proof showed there was no equity in the asset for unsecured creditors. The Shoreham Garage had no lien after its storage charges were paid and had no cause to complain that it was induced by trick to release the car to Gordon, as McCarthy did not seek to make it liable for wrongful delivery, but on the other hand indicated acquiescence by listing Gordon as a secured creditor.

■ From what has been said it follows that Gordon, having a subsisting lien, lawfully regained and held possession of the automobile before McCarthy Decorating Company was adjudicated a bankrupt. Under 11 U.S.C.A. § 107(b), a statutory lien such as the one involved here may be valid against the Trustee in Bankruptcy, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy. The written notice which the appellant gave to the Trustee in Bankruptcy of the amount of his charges and of his intention to claim a lien was a timely and sufficient compliance with the District Code, so that he was and is in a position to take any steps necessary to enforce his lien. The Referee in Bankruptcy was incorrect in ruling that the appellant had no lien and the District Court erred in affirming his decision.

Reversed.

2. The District Court apparently thought the surrender of possession did not destroy the lien, since its affirmance was not based on that circumstance but on the alleged illegality of the manner in which Gordon regained possession.

3. 3 Bl. Comm. *4.