194 A.2d 125 (1963)
Louis FLANZBAUM, Appellant,
v.
Samuel GORDON, Appellee.
No. 3292.
District of Columbia Court of Appeals.
Submitted July 22, 1963.
Decided October 7, 1963.
Frank B. Tavenner, Washington, D. C., for appellant.
Milford F. Schwartz, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
HOOD, Chief Judge.
This appeal is from a judgment in favor of a defendant who was sued for $290 claimed to be due plaintiff by reason of defendant's negligence causing plaintiff to lose his lien on the automobile of a third party.
From conflicting testimony the trial court, sitting without a jury, could have *126 found the facts to be these. Plaintiff, engaged in the automatic transmission business, was employed by a resident of New Jersey to repair the transmission of his automobile. When these repairs were completed at a cost of $290, it developed that the automobile also required electrical repairs and plaintiff delivered the automobile to defendant to do this work and so informed the owner. When the electrical work was completed, plaintiff was called to come and get the car, but when plaintiff was told that the cost of the electrical work was $160, he said he "could not put out that kind of money," that the owner would have to pay for it and that the owner could take it if he wanted it. Plaintiff had given the owner the defendant's name and address, and the owner went to defendant's place of business, paid for the electrical work, got the automobile, and without having paid plaintiff for the transmission work left the District and apparently returned to New Jersey.
It is plaintiff's position that the defendant should not have delivered the automobile to its owner, but should have returned it to plaintiff; that defendant's negligence in delivering the automobile to the owner resulted in the loss by plaintiff of his lien for his charges of $290, and he is therefore entitled to recover that sum from defendant. For at least two reasons we think the trial court was correct in rejecting plaintiff's claim.
In the first place, as was pointed out in Gordon v. Sullivan, 88 U.S.App.D.C. 144, 188 F.2d 980, a garage keeper's lien[1] is not lost by releasing the automobile, but may be enforced thereafter if the garage keeper should again obtain lawful possession. After defendant had delivered possession to the owner, the plaintiff's lien was "in a state of suspended animation,"[2] and although from a practical viewpoint may have been of little value, it was not extinguished. Plaintiff did not establish the extent to which the value of his lien had been diminished by defendant's act and did not prove that he could not collect his bill from the owner without resort to his lien. Assuming that defendant's conduct was negligence, plaintiff nevertheless failed to prove that he was damaged by such negligence.
The second, and stronger, reason for denying recovery to plaintiff is that from the testimony the trial court could have reasonably found that when plaintiff refused to pay defendant's charges and said the owner would have to pay them and the owner could take the car if he wanted it, that plaintiff authorized defendant to deliver the automobile to the owner when he, the defendant, had collected his charges. Plaintiff cannot complain if defendant merely followed his instructions.
Affirmed.
NOTES
[1] Code 1961, 38-205.
[2] 88 U.S.App.D.C. 144, 146, 188 F.2d 980, 982.