**Claude JACKSON, Appellant,**

v.

**Benjamin GREENFIELD, Appellee.**

**No. 3408.**

District of Columbia Court of Appeals.

Argued Jan. 14, 1964.

Decided March 30, 1964.

Karl G. Feissner, Washington, D. C., for appellant. Erwin A. Alpern, Washington, D. C., also entered an appearance for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a dismissal of appellant's case for failure to make out a prima facie case of conversion against appellee, granted pursuant to appellee's motion at the conclusion of appellant's case.

Plaintiff-appellant testified that he had purchased a 1956 Buick From York Motors, of Brentwood, Maryland, under a conditional sales contract in March of 1963. All payments were made until May 10, 1963, when he was one day late in making payment and the car was repossessed and stored on appellee's lot. Appellant testified that the automobile, at the time of repossession, was in satisfactory operating condition.

On or about May 18, 1963, Jackson sent his landlady to York Motors with $50 to cover two delinquent payments and a $20 repossession fee. There she was given a card addressed to Greenfield directing release of the automobile. She then went to appellee's lot at Third and K Street, N. W., to pick up the car. Told she would have to pay $10.50 storage charges, she protested, but eventually paid the money. When an attendant started the Buick, she noticed that the motor growled, the automobile shook and there was oil under the car. She then refused to take it. Subsequently appellant and some friends went to appellee's lot, took his fishing equipment and tags from the car, and left.

Upon this evidence the trial court dismissed appellant's case. He appeals, claiming in effect that the above testimony made out a prima facie case that was sufficient to overcome a dismissal.

■ We entertain no doubts that the repossession of the automobile by York Motors, without notice, was proper under both the applicable sections of the Maryland Code [1] and under the conditional sale contract signed by appellant; [2] and that thereafter it had authority to store the car.

1. Article 83, §§ 141–142 Code of Laws of the State of Maryland.

2. "If Purchaser defaults on any obligation under this contract, the full balance shall

The record reveals that a repossessor for York Motors placed the automobile on Greenfield's lot for storage. Appellant in his complaint charged that appellee was an agent for York Motors and in refusing to release the car pursuant to instructions from his principal had become a converter. In defense, Greenfield pled that he operated an independent lot for storage purposes and was not an agent for York Motors. No testimony was presented to prove the agency.

■ We find no evidentiary support on which to base even a technical conversion of appellant's automobile by appellee.[3] Absent a principal-agent relationship with York Motors, Greenfield, as an independent garageman, had a lien for all reasonable charges for storage of appellant's automobile, whether incurred by appellant or by the conditional vendor, and had the right to detain such motor vehicle until the storage charges were paid. § 38–205, D.C. Code (1961); Barrett v. Commercial Credit Co., 54 App.D.C. 249, 296 F. 996.

■ Although the complaint is titled "for Conversion of Automobile and Property," it would appear from the pleadings that the cause of action is actually based upon a loss occasioned by damage to the automobile after repossession by York Motors. There is no testimony, however, indicating that the damage was sustained on appellee's lot or that it was occasioned by any tortious act of appellee.

Whatever the case may be, we hold that appellant's proof was insufficient to make out a conversion by appellee or to show any basis for recovery of damages from him.

Affirmed.

without notice become due forthwith * * * and holder may, without notice or demand for performance or legal process, lawfully enter any premises where the Car may be found, take possession of it * * * and retain all payments as compensation for the use of the Car while in Purchaser's possession * * *"

3. We defined "conversion" in Shea v. Fridley, D.C.Mun.App., 123 A.2d 358, 361, as "any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto."