Patrick E. O'DONNELL, Appellant,

v.

S & R, INC., a corporation, t/a
VOB Datsun Sales, Appellee.

No. 10019.

District of Columbia Court of Appeals.

Argued April 7, 1976.

Decided Feb. 10, 1977.

Alan S. Feld, Bethesda, Md., for appellant.

Solomon L. Margolis, with whom Mark J. Wishner, Washington, D. C., was on the brief, for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This appeal arises from an order of the Superior Court granting defendant-appel-

lee's motion for summary judgment on a complaint for trespass—wrongful repossession of an automobile. The effect of the ruling was to hold lawful the repossession in the District of Columbia under a Maryland garageman's lien. Appellant O'Donnell concedes that Maryland law created a valid lien in favor of appellee, but argues that this lien could have no effect outside Maryland. Thus, repossession of his car in the District of Columbia pursuant to the lien was unlawful. We affirm the ruling of the trial court.

O'Donnell, a resident of the District of Columbia, had an automobile accident and, therefore, had his car towed to appellee's shop in Bethesda, Maryland, for repairs. After being notified that the repairs had been completed, O'Donnell's wife picked up the car and paid for the repairs by check. The following day, O'Donnell stopped payment on this check because he was dissatisfied with the repairs. Consequently, appellee repossessed O'Donnell's car from in front of O'Donnell's residence in the District of Columbia. Appellee relies on a garageman's lien created by Md.Code Ann. art. 63, § 41 (1957).[1]

The relationship between appellee and O'Donnell was established when O'Donnell contracted to have his car repaired in Maryland. This contract was governed as to its validity and operation by the law of Maryland, because Maryland had a " 'more substantial interest in the resolution of the issue' " involved in the contract. *Fowler v. A & A Co.*, D.C.App., 262 A.2d 344, 348 (1970) (footnote omit-

ted). In addition, O'Donnell concedes that Maryland law created a lien in favor of appellee for the cost of work performed on O'Donnell's car. Once created, the lien merged with and became part of the contract for repair. *See Universal Credit Co. v. Marks,* 164 Md. 130, 163 A. 810, 816 (1933). Where, as here, the lien is given by statute, further proceedings are not necessary to fix the status of the property affected. *District of Columbia v. Hechinger Properties Co.*, D.C.App., 197 A.2d 157, 160 (1964); *Moses v. Labofish,* 76 U.S.App. D.C. 401, 402, 132 F.2d 16, 17 (1942). Therefore, by virtue of the lien, appellee had a possessory interest in the car superior to that of O'Donnell. In fact, as the court stated in *Brown v. Petersen,* 25 App. D.C. 359, 363 (1905):

> [A] person in possession of property under a lien is the owner of it against all the world and even against the actual owner until his claim is paid; and no one, not even the actual owner, has any right to disturb his possession, without previous payment of such claim.
> · · ·

O'Donnell could not escape this priority of possessory right by bringing his car into the District of Columbia. If the right to assert a lien were confined to the jurisdiction which creates it, the lien and its concomitant obligations could always be circumvented by moving the affected chattel across state lines. Such a rule would in effect accomplish at least a temporary deprivation of the substantive property right by suspending the ability to enforce the lien.[2]

---

1. Art. 63, § 41 was repealed on July 1, 1975, and replaced by Commercial Law, tit. 16. There is no substantive change in the applicable new sections, which provide:

   § 16–204. *Effect of surrender of possession.*
   Surrender or delivery of the property subject to the lien discharges that lien against a third person who is without notice of the lien, but does not discharge the lien against the owner or against a third party who has notice of the lien.

§ 16–302. *Lien for repair of goods.*
   (a) *Creation of lien.*—Any artisan who, with the consent of the owner, has possession of goods for repair, mending, improving, or other work, has a lien on the goods for the costs of the work done.

2. It has been established in many contexts that a lien is not lost or suspended because the property to which it attaches is moved to another jurisdiction. *See Universal Credit Co.*

We conclude, contrary to appellant's assertion, that there is nothing to warrant our refusal to recognize the effect of the Maryland statute on encumbered property brought here. Such recognition is merely that which one state gives within its territory to legislative, executive, or judicial acts of another state with due regard to interstate duty, convenience and the rights of its own citizens. *Jackson v. Shuttleworth*, 42 Ill.App.2d 257, 192 N.E.2d 217, 218 (1963); *Jacobsen v. Saner*, 247 Iowa 191, 72 N.W.2d 900, 901 (1955). The court in *Universal Credit Co. v. Marks, supra*, 163 A. at 816, phrased this doctrine in the following manner:

> "[I]f the contract is valid in the State where it is made, any other State will give remedies for its enforcement, unless, according to the standard of such latter State, it . . . is opposed in its provisions to some accepted principle of public policy, or unless its enforcement would be prejudicial to the State or its people, or would violate its constitution or statutes." . . .[3] [*Id., quoting* Cooley on Const.Lim. (8th Ed.) vol. 1, pp. 250, 251.]

We hold that neither the lien statute nor the public policy of the District militates against giving effect in the District to appellee's Maryland-created lien.

█ The garageman's lien statute of the District, D.C.Code 1973, § 38–205, and the Maryland statute, Md.Code Ann. art. 63, § 41 (1957), are virtually identical in relevant part—if not in language, at least in effect. Nothing in the language of the Maryland statute limits the right to a lien, once it is obtained, or the enforcement of the right to the boundaries of the state. Moreover, the Maryland statute specifically makes the existence of the lien independent of possession of the item to which the lien attaches. In like manner, the District does not prohibit the recognition of out-of-state liens nor does it make the lien expire upon surrender of possession. *Gordon v. Sullivan*, 88 U.S.App.D.C. 144, 145, 188 F.2d 980, 981 (1951). Possession is essential to the enforcement of a lien created in the District, but not to the retention of the right. This is so because, after declaring that a garage keeper shall have a lien, the statute says he may detain the subject car whenever he has lawful possession of it, including reacquisition. *See Gordon v. Sullivan, supra*. Therefore, the statutes do not conflict.

█ Both the District of Columbia and Maryland recognize peaceful repossession as a lawful course of action in pursuance of a possessory interest. As to the applicable law in Maryland, *see* Md.Code Ann. art. 83, §§ 141, 142; and *Jackson v. Greenfield*, D.C.App., 198 A.2d 916, 917 (1964). As to the law in the District of Columbia, peaceful repossession of a car by a garage keeper was upheld, for example, in *Gordon v. Sullivan, supra*. In *Gordon*, the garage keeper made repairs on a car, turned it over to the owner, and subsequently repossessed the car from a third party by paying

---

*v. Marks, supra* 163 A. at 814; *Associated Discount Corp. v. Held*, 255 Iowa 680, 123 N.W.2d 869, 871 (1963); *Northern Finance Corp. v. Meinhardt*, 209 Iowa 895, 226 N.W. 168 (1929); *General Finance & Thrift Corp. v. Guthrie*, 227 N.C. 431, 42 S.E.2d 601 (1947).

3. We note that appellant relies heavily on *Universal Credit Co. v. Marks, supra*, in arguing that the Maryland lien statute is to be given no "extraterritorial" effect. We interpret that case differently. In *Universal Credit Co.*, the buyer of an automobile under a conditional sales contract recorded in New York left the car at a Maryland garage for repairs and storage. The court held that the lien created in New York via the conditional sales contract and the recording thereof in New York did not give the garageman in Maryland constructive notice so as to preclude the garageman's priority of rights. But this priority did not impair the seller's relation to the motor vehicle. The Maryland court in *Universal Credit Co.* thus recognized the *effectiveness* outside New York of the New York-created lien, but merely declined to give the New York lien *priority* over the Maryland garageman's lien.

storage charges on the car. Moreover, repossession of a car pursuant to an express contractual provision was allowed in *Bullock v. Young*, D.C.Mun.App., 118 A.2d 917 (1955). Also, under D.C.Code 1973, § 28:9–503, a creditor is given the right to regain possession of a chattel upon default by the debtor without the use of judicial process as long as no breach of the peace occurs. The Congress has thus made a careful and deliberate decision expressly to authorize the utilization of a peaceful self-help remedy in the commercial law context. We note from the record that appellee repossessed the car from O'Donnell without a breach of the peace, and, as such, the repossession was not contrary to articulated public policy of this jurisdiction and was entirely lawful.

Accordingly, we hold that appellee had a right to repossess O'Donnell's car in the District of Columbia pursuant to a statutory garageman's lien created in Maryland. Therefore, the judgment of the trial court is

*Affirmed.*