OAKLAWN BANK *v.* Robert C. BALDWIN, et al.

85-307                                    709 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered May 19, 1986

*Atchley, Russell, Waldrop & Hlavinka*, by: *Charles J. Hlavinka*, for appellant.

*Honey & Rodgers*, for appellees.

DARRELL HICKMAN, Justice. This is a conversion case. Oaklawn Bank, a Texarkana, Texas bank hired a professional to repossess a pick-up truck from Robert Baldwin, because Baldwin was delinquent in his payments. Baldwin and three others, Ellen Young, Emanuel Baldwin and Carl Baldwin, sued the bank for conversion of personal property which was located in the truck at the time of repossession. The case was tried without a jury. The judge found the bank had wrongfully repossessed the truck and converted the personal property. No award was made to Robert Baldwin, that question being deferred. But a judgment was entered for compensatory damages totaling $941.37: Ellen Young $874.37, Emanuel Baldwin, $22.00, and Carl Baldwin, $45.00. Punitive damages in the amount of $10,000 were also awarded.

On appeal the bank raises six allegations of error which may be consolidated into four arguments. First, the trial court erred in finding the repossession of the truck illegal; second, the personal property in the truck was not converted by the bank; third, there is insufficient evidence to support the damages awarded to Ellen Young; and fourth, punitive damages were improperly awarded. The first and main finding of the trial court was wrong, and the case must be remanded.

The bank had tried on May 23, 1984, to repossess the truck and Robert Baldwin resisted, brandishing a shotgun. Baldwin filed for bankruptcy and an automatic stay was issued by the United States Bankruptcy Court pursuant to 11 U.S.C. § 362.

Despite the order, the bank hired Leslie McClendon to repossess the truck. On August 10, 1984, at approximately 4 a.m., McClendon found the truck in Robert Baldwin's driveway. McClendon attached his wrecker to the truck and drove away without incident. He stopped shortly to be sure he had the right truck. When he was certain, he called the sheriff's office and advised them of the repossession. That office told him to return the truck. Instead, McClendon took the truck to Texarkana, Texas where it was stored on a lot belonging to Marshall Griffith. Griffith and John Johnson, an employee of the bank, inventoried the personal property in the truck. According to testimony, the sheriff's office called asking for a return of the truck and informing the bank that some of the property did not belong to Baldwin. The bank declined to return either. Four days later the bank, through its attorney, sent Robert Baldwin a letter stating that he could arrange for the return of the personal property by contacting John Johnson at the bank. Forty-eight items were on the list, including tools, construction equipment, radio, attache case, first aid kits, and a fire extinguisher. The property was finally returned on February 22, 1985. The appellees claimed several items were missing. Ellen Young reported the loss of a set of lady's wedding rings and a man's gold band; Emanuel Baldwin was missing a hammer and a nail bar; Carl Baldwin had lost electric tools, a square and a tape. These missing items were the basis of the suit for conversion.

Generally, it is not a violation of Arkansas law to repossess a vehicle from the driveway of the owner as long as it can be accomplished without a breach of the peace. Ark. Stat. Ann. § 85-9-503 (Supp. 1985); *Ford Motor Credit Co. v. Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979). The trial judge found a trespass in this case and a willful violation of Arkansas law by the bank. This finding is not supported by the evidence. The truck was repossessed from Baldwin's driveway. There is no evidence that McClendon entered any gates, doors, or other barricades to reach the truck. He just attached the truck to his wrecker in the dead of the night and drove away. There was no confrontation with Baldwin. He was asleep when the truck was repossessed. The repossession was accomplished without breaching the peace according to our cases. *Ford Motor Credit Co. v. Herring, supra*; *Teeter Motor Co. v. First National Bank*, 260 Ark. 764, 543

S.W.2d 938 (1976); *Rogers* v. *Allis-Chalmers Credit Corp.*, 679 F.2d 138 (8th Cir. 1982); *Williams* v. *Ford Motor Credit Co.*, 674 F.2d 717 (8th Cir. 1982).

The central question to our review is whether the trial judge was clearly wrong when he found the personal property of Young, Emanuel and Carl Baldwin had been converted. That means converted after it was known the truck contained personalty. This is a separate issue from the initial taking of the truck. Conversion is the "exercise of dominion over the property in violation of the rights of the owner or person entitled to possession." *Ford Motor Credit Co.* v. *Herring, supra.*

McClendon knew when he stopped to see if the truck was the right one that it contained considerable personal property. He called the sheriff's office to report the repossession. The sheriff told McClendon to return the truck. Someone in the sheriff's office called the bank demanding the truck and personal property be returned because some of it did not belong to Baldwin. The appellees made no personal demand for the return of the personalty, and there is no evidence that the bank was informed who, except Baldwin, owned the personalty. The bank's attorney wrote Baldwin four days later listing the property that was found in the truck and suggested that he contact John Johnson at the bank to make arrangements for its return. The appellees filed their suit for conversion on August 23, 1984. The property was finally retrieved on February 22, 1985.

The bank contends there was no intentional violation of the appellees' rights to the personalty. The trial judge made no specific finding there was an intentional conversion of the personalty separate from taking the truck. A finding of intentional conversion is required to support an award of punitive damages. *Ford Motor Credit Co.* v. *Herring, supra.* Since that specific finding is lacking and the trial judge undoubtedly based his finding of conversion, at least in part, on the premise the truck was wrongfully taken, the judgment must be reversed and the cause remanded for a new trial.

In view of our decision it is unnecessary to address the other questions raised.

Reversed and remanded.

PURTLE, J., not participating.